**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Eliseo ESPINOZA, Jr., Defendant-
Appellant.**

**No. 72-3389.**

United States Court of Appeals,
Fifth Circuit.

July 3, 1973.

John J. Pichinson, Corpus Christi,
Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., El-
lis McCullough, Robert G. Darden, Asst.
U. S. Attys., Houston, Tex., for plain-
tiff-appellee.

Before GOLDBERG, CLARK and RO-
NEY, Circuit Judges.

GOLDBERG, Circuit Judge:

This appeal presents the question
of whether a sentencing judge, after an-
nouncing a rather long sentence, can
refuse to permit a defendant to rebut

factually the reasons stated orally by the judge for the sentence when defendant claims that the reasons are factually erroneous. Finding that the court below erred in refusing defendant this opportunity, we vacate the sentence and remand for resentencing.

Defendant-appellant, Eliseo Espinoza, Jr., was charged in a three count indictment along with two co-defendants, Gonzales and Robelin, for an offense involving the distribution of heroin in violation of 21 U.S.C. § 841(a)(1). Count one of the indictment charged Gonzales and Robelin, but not appellant, with distributing 38.04 grams of heroin. Count two charged Gonzales and Robelin, but not appellant, with distributing 39.8 grams of heroin. Count three charged Robelin and appellant with distributing 0.62 grams of heroin. Gonzales and Robelin both pleaded guilty to all charges. Appellant went to trial on count three and was found guilty by the jury.

At a consolidated sentencing proceeding, the district judge allowed each of the three defendants and their attorneys to address the court prior to sentencing. Gonzales, who was on parole from another conviction and who pleaded guilty to two counts of distributing over 77 grams of heroin, was sentenced to consecutive six year terms on each of the two counts with a special parole term of six years (12 years imprisonment). Robelin, who pleaded guilty to three counts of distributing over 78 grams of heroin, was sentenced to five years on each count, the first two to run consecutively and the third concurrently with a special parole term of five years (10 years imprisonment). Appellant, who had been convicted[1] of one count of distributing 0.62 grams of heroin,[2] was sentenced to

fifteen years with a special parole term of five years (15 years imprisonment).

Prior to sentencing, appellant's counsel argued to the court that to his knowledge appellant had never been convicted of a felony, was 27 years old, was married with a couple of children, and had been gainfully employed prior to a recent back injury. Immediately prior to announcing the three sentences, the court made the following remarks on the record:

"One of the Defendants has been in trouble before, but they are all a part of what seems to be a very serious problem, and whether they have ever actually been convicted or not, Mr. Espinoza, your record is bad, your record for threats and assaults."

No mention was ever made of a presentence report and appellant's counsel never requested disclosure of the report, if in fact one existed.

On October 2, 1972, some seven days after the sentence was announced, appellant's counsel filed a "petition for reduction of sentence," see Rule 35, F.R. Crim.P., in which he requested an opportunity to present evidence to rebut the court's statement and apparent presumption that appellant's "record for threats and assaults was bad."[3] At a hearing on October 10, the judge, apparently without explanation, denied appellant's request to submit evidence and overruled the motion for reduction of sentence. It is from this denial of the Rule 35 motion that Espinoza appeals.

As a threshold matter, it is important to note what is *not* involved in this appeal. We are not asked to review the length of the sentence, *cf.* United States v. Moore, 5 Cir. 1970, 427 F.2d 38; Withrow v. United States, 5 Cir. 1969,

---

1. The Judge explicitly stated "I'm not going to take into account the fact that two plead guilty and one did not plead guilty, he plead not guilty and was found guilty, but they are all three guilty, they are guilty of distributing heroin."

2. The record indicates that Robelin and Gonzales made the actual sales to gov-

ernment agents. Espinoza became involved when agents observed him handing a small package (0.62 grams) of heroin to Robelin in a car.

3. Appellant also made a motion for a new trial which was denied.

420 F.2d 1220, 1225. There is no contention that the sentence itself was illegal, and it is undisputed that the sentence was within the statutory limit. Finally, we are not directly presented with any of the increasingly troublesome problems involved with disclosure of presentence reports, *cf.* United States v. Frontero, 5 Cir. 1971, 452 F.2d 406.

What is involved here is the right of a defendant to at least minimal safeguards to insure that the sentencing court does not rely on erroneous factual information when assessing sentence. From the record in this case, it is readily apparent that the court below relied, at least in part, on appellant's "bad record" when assessing appellant a longer sentence than his co-defendants, both of whom were charged with considerably more than appellant. Appellant contested the court's factual assumption as to his record and sought only an opportunity to present facts that he claimed would dispel the allegedly erroneous assumption.

In Townsend v. Burke, 1948, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690, defendant challenged the fairness of the sentencing procedure where the judge had relied on apparently erroneous factual information in assessing sentence. The Supreme Court granted the requested habeas relief and stated *inter alia*:

> "[T]his prisoner was sentenced on the basis of assumptions concerning his criminal record which were materially untrue. Such a result whether caused by carelessness or design is inconsistent with due process of law and such conviction cannot stand. 334 U.S. at 740, 68 S.Ct. at 1255." [4]

In 1972, in United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592, the Supreme Court reiterated the holding of *Townsend,* and remanded for resentencing where the sentencing judge had considered defendant's prior convictions in which defendant had not been represented by counsel.[5] Implicit in the Court's holding in *Tucker* is the principle that despite the broad discretion left to the trial judge in assessing background information for sentencing purposes, *see* Williams v. New York, 1949, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337, a defendant retains the right not to be sentenced on the basis of invalid premises. *See* Russo v. United States, 5 Cir. 1972, 470 F.2d 1357; Clay v. Wainwright, 5 Cir. 1972, 470 F.2d 478; Franchi v. United States, 5 Cir. 1972, 464 F.2d 1035; Lipscomb v. Clark, 5 Cir. 1972, 468 F.2d 1321; Davis v. Wainwright, 5 Cir. 1972, 462 F.2d 1354; Thomas v. United States, 5 Cir. 1972, 460 F.2d 1222; Craig v. Beto, 5 Cir. 1972, 458 F.2d 1131; Wheeler v. United States, 9 Cir. 1972, 468 F.2d 244; Garnet v. Swenson, 8 Cir. 1972, 459 F.2d 464; United States v. Bishop, 7 Cir. 1972, 457 F.2d 260.

It is true, as the government argues, that a majority of jurisdictions, including the Fifth Circuit, have denied defendants an absolute right to see and thereby rebut information in a presentence report. *See* United States v. Frontero, 5 Cir. 1971, 452 F.2d 406; United States v. Bakewell, 5 Cir. 1970, 430 F.2d 721; United States v. Dockery, 1971, 145 U.S.App.D.C. 9, 447 F.2d 1178; United States v. Crutcher, 2 Cir. 1968, 405 F.2d 239; Thompson v. United States, 10 Cir. 1967, 381 F.2d 664. *But see* United States v. Picard, 1 Cir. 1972, 464 F.2d 215; United States v. Janiec, 3 Cir. 1972, 464 F.2d 126; Baker v. United States, 4 Cir. 1968, 388 F.2d 931; Verdugo v. United States, 9 Cir. 1968,

---

4. The Government attempts to distinguish *Townsend* by arguing that in *Townsend* the petitioner *proved* the sentencing judge was acting on erroneous premises, whereas here appellant has not proven they were erroneous. Inasmuch as all appellant is seeking here is an opportunity to make such proof, the attempted distinction is obviously without merit.

5. In *Tucker,* the Supreme Court remanded despite the rather obvious possibility that the sentencing judge would not change the original sentence on remand. 404 U.S. 449, 452, 92 S.Ct. 589, 30 L.Ed.2d 592 (Blackmun, J., dissenting).

402 F.2d 599, 613 (Browning, J., concurring) ; United States v. Bryant, 1971, 143 U.S.App.D.C. 53, 442 F.2d 775. *See generally* Lehrich, The Use and Disclosure of Presentence Reports in the United States, 47 F.R.D. 225.[6] Such assertions do not, however, dispose of this case. While the due process guarantee in *Townsend* has been judicially limited in order to preserve the confidentiality of the presentence report when and if in the district court's discretion such confidentiality is desirable, and to prevent the sentencing process from turning into a full scale evidentiary-type hearing, it has also been widely recognized that where a sentencing judge *explicitly relies* on certain information in assessing a sentence, fundamental fairness requires that a defendant be given at least some opportunity to rebut that information.

In United States v. Battaglia, 5 Cir. 1972, 478 F.2d 854, defendant petitioned the district court to modify sentence on the ground that the judge relied on inaccurate information in assessing the sentence. This court vacated the sentence and stated:

"At the time of sentencing, the trial judge stated that he was taking into consideration certain facts which he believed to be true. The defendant says they are untrue. On consideration of the motion, the judge said that he would have imposed the same sentence even if the facts were untrue. Although this may be so, we think it is better to assure the defendant that the alleged untrue facts will not affect his sentence by permitting him a hearing at which he may seek to remove any lingering doubt the court may have had about the true situation. The court should then reconsider the sentence in the light of the true facts as found after hearing." [7]

In United States v. Malcolm, 2 Cir. 1970, 432 F.2d 809, defendant claimed in his § 2255 motion that he was sentenced on the basis of erroneous information and that the sentencing judge erred in refusing to hear certain evidence aimed at mitigating sentence. The Second Circuit remanded for resentencing and stated:

"The result of the procedural irregularity is that the sentence rests on a foundation of confusion, misinformation and ignorance of facts vitally material to mitigation. If justice is to be done, a sentencing judge should

---

6. Rule 32(c)(2) of the Federal Rules of Criminal Procedure states:

   "(c) Presentence Investigation.

   \*     \*     \*     \*     \*

   "(2) Report. The report of the presentence investigation shall contain any prior criminal record of the defendant and such information about his characteristics, his financial condition and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant, and such other information as may be required by the court. The court before imposing sentence may disclose to the defendant or his counsel all or part of the material contained in the report of the presentence investigation and afford an opportunity to the defendant or his counsel to comment thereon. Any material disclosed to the defendant or his counsel shall also be disclosed to the attorney for the government."

7. In United States v. Jones, 5 Cir. 1973, 473 F.2d 293, we rejected a claim that under *Townsend* and *Battaglia* due process was violated when the district court refused to disclose information in a presentence report that defendant claimed was erroneous. There the district court permitted defendant to rebut the allegedly erroneous information and, after such rebuttal was presented, the district court required a supplemental report to be filed that ultimately verified the defendant's repudiation. Further, the district court explicitly stated that he did not rely on the disputed information in assessing sentence, and attached a sealed copy of the entire presentence report so that the Court of Appeals could review the basis for his decision. The Court of Appeals, in distinguishing *Battaglia* stated, "in the present case, the sentencing judge possessed the true facts before he imposed sentence so no reconsideration is appropriate." United States v. Jones, *supra*, 473 F.2d at 297. Obviously, we are in no position to make such a statement here, and this is a far different case from *Jones*.

know all the material facts. The information which was curtailed and precluded here should therefore have been received and considered. Fair administration of justice demands that the sentencing judge will not act on surmise, misinformation and suspicion but will impose sentence with insight and understanding. Harris v. United States, 382 U.S. 162, 166, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965).

"The judge, therefore, is required to listen and to give serious consideration to any information material to mitigation of punishment. We cannot say that if the judge had acted on the basis of complete and accurate information, verified by the prosecutor, it would have had no mitigating impact on the sentence. This is so although the judge, in his discretion, is not required to lighten the penalty even if there are mitigating circumstances. But no man can make valid judgments without knwledge of the facts. It is thus of no moment that the judge summarily declared that he 'did not care if he helps anybody. It does not matter to me.' "

432 F.2d at 819.

In United States v. Carden, 8 Cir. 1970, 428 F.2d 1116, the court refused to vacate a sentence where the information relied on had been disclosed and where rebuttal was permitted. The court stated:

". . . If the defendant's record, as publicly disclosed at the hearing, is incorrectly reported, defendant should have an opportunity to explain any discrepancy. If factual background is erroneous, defendant should have the opportunity to inform the court concerning the alleged misinformation."

428 F.2d at 1118.

In United States v. Weston, 9 Cir. 1971, 448 F.2d 626, the sentence was challenged where it was clear that the judge had relied on potentially unreliable hearsay in assessing the maximum penalty, this despite defendant's contention that the hearsay was inaccurate.

The Ninth Circuit vacated the sentence and, after distinguishing *Williams, supra,* stated:

"In Townsend v. Burke, *supra,* the Supreme Court made it clear that a sentence cannot be predicated on false information. We extend it but little in holding that a sentence cannot be predicated on information of so little value as that here involved. A rational penal system must have some concern for the probable accuracy of the informational inputs in the sentencing process."

448 F.2d at 634. Noted in 25 Vand.L. Rev. 252 (1972), 50 No.Car.L.Rev. 925 (1972). *See also* United States v. Janiec, *supra*; United States ex rel. Brown v. Rundle, 3 Cir. 1969, 417 F.2d 282; United States v. Picard, *supra*; Baker v. United States, *supra*; United States v. Bishop, *supra*; United States v. Donahoe, 10 Cir. 1972, 458 F.2d 237, 240 (Holloway, J., dissenting). *Cf.* United States v. Weiner, 5 Cir. 1969, 418 F.2d 849; United States v. Metz, 3 Cir. 1972, 470 F.2d 1140.

■ As with disclosure of presentence reports, the district court possesses wide discretion as to determining the feasibility and need for permitting rebuttal of sentencing information. *See* United States v. Sanders, 5 Cir. 1971, 438 F.2d 344. But the existence of such discretion presupposes that discretion will in fact be exercised and will be exercised in a manner consistent with the purposes of informed and appropriate sentencing. *See* United States v. Daniels, 6 Cir. 1971, 446 F.2d 967; United States v. McKinney, 6 Cir. 1972, 466 F. 2d 1403; Woosley v. United States, 8 Cir. 1973, 478 F.2d 139 (en banc); United States v. Brown, 2 Cir. 1972, 470 F.2d 285; McGee v. United States, 2 Cir. 1972, 462 F.2d 243; United States v. Bryant, *supra*; United States v. Wilson, 4 Cir. 1971, 450 F.2d 495, 498. *See also* Taylor v. United States, 5 Cir. 1972, 456 F.2d 1101. Had the court below stated reasons for denial of the motion or, in the alternative, disclosed in some

greater detail the basis for imposing the rather long sentence, the posture of this appeal might well be different. Rather, we are faced with a disturbing record that discloses only that defendant was given a lengthy sentence on the basis of possibly erroneous information and that the district court, without stating reasons, refused to permit rebuttal of the factual assumption. If an educated discretion was in fact exercised, we are unable to discern its premises. By endowing the district court with discretion in sentencing, it is presupposed that such discretion will be exercised consistent with both the appearance and reality of due process. The action of the court below, in refusing to permit rebuttal of the stated factual basis for the sentence, is tantamount to an abuse of discretion and is inconsistent with the need for enlightened sentencing.

It might appear anomalous or even inconsistent to permit the withholding of presentence reports and other information relied on by the sentencing judge, e. g., United States v. Lloyd, 5 Cir. 1970, 425 F.2d 711, while at the same time requiring the allowance for rebuttal when and if presentence information is disclosed and challenged. · Many of the factors present in the cases involving presentence reports, however, including, *inter alia*, the need for secrecy, the need to prevent embarrassment to the defendant, and the fear of informational sources drying up, are simply not present where all the defendant is requesting is an opportunity to rebut the information explicitly relied on. While the court retains discretion to prevent the sentencing process from becoming a full scale adversary hearing, there is no indication that such discretion was exercised here. In balancing the potential inconvenience of permitting defendant to have his re-

buttal information at least considered against the needs for a fair and informed sentence, we can only conclude that the district court erred.

■■■ Almost twenty years ago Judge Rives observed:

"The lack of constitutional and evidentiary safeguards thrown around a convicted offender is in striking contrast to those surrounding him before he is found guilty. See Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337; Friedman v. United States, 8 Cir., 200 F.2d 690, 697; Robinson v. Swope, 9 Cir., 197 F.2d 633; United States v. Rosenberg, 2 Cir., 195 F.2d 583, 604, et seq. Yet every lawyer engaged in defending criminal cases knows that often a finding of guilt is a foregone conclusion, and that the real issue centers about the severity of the punishment."

Smith v. United States, 5 Cir. 1955, 223 F.2d 750, 754, rev'd on other grounds, 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed.2d 1041. Despite an ever-increasing body of criticism attacking the sentencing process,[8] the process continues to depend almost entirely upon the "discretion" of the sentencing judge. This discretion is not, and has never been absolute, and while the appellate courts have little if any power to review substantively the length of sentences, *see generally* Coburn, Disparity in Sentences and Appellate Review of Sentencing, 25 Rutgers L.Rev. 207 (1971); Comment, Appellate Review of Sentences: A Survey, 17 St. L.L.J. (1972), it is our duty to insure that rudimentary notions of fairness are observed in the process at which the sentence is determined.

We therefore vacate the sentence and remand to the district court with instructions to resentence the defendant

---

8. *E. g.*, Advisory Committee on Criminal Rules, Note, 48 F.R.D. 551 (1970); National Council on Crime and Delinquency, Model Sentencing Act (1963); A.L.I. Model Penal Code § 7.07(5) (1962-prelim. draft); ABA Standards Relating to Sentencing Alternatives and Proce-dures § 4.4 (1968, approved draft); President's Commission on Law Enforcement and Administration of Justice, the Challenge of Crime in a Free Society (1967) at 145; M. Frankel, Criminal Sentences (1973); Frankel, Lawlessness in Sentencing 41 U.Cin.L.Rev. 1 (1972).

only after permitting adequate opportunity for the defendant to rebut the factual assumptions explicitly relied on by the court. United States v. Battaglia, *supra.*

Remanded.