Charles **SHELTON**, Petitioner-Appellant,

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

No. 73–3608.

United States Court of Appeals,
Fifth Circuit.

July 10, 1974.

Robert W. Fisher, Atlanta, Ga. (court-appointed), for petitioner-appellant.

John W. Stokes, Jr., U. S. Atty., Anthony M. Arnold, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before BELL, SIMPSON and IN-GRAHAM, Circuit Judges.

SIMPSON, Circuit Judge:

Charles Shelton appeals from the trial court's denial of his motion for vacation of sentence, under Title 28, U.S.C., § 2255.

Appellant was convicted on his plea of guilty to one count of a four-count indictment charging willful evasions of income taxes in violation of Title 26, U.S.C., § 7201,[1] and sentenced on February 23, 1973, to four years' confinement and to pay a fine of $5,000. The guilty plea was accepted by the court on January 17, 1973 and a pre-sentence report was directed to be prepared and furnished to the court. The report was before the trial judge at sentence, but its contents were not divulged to the appellant or to his counsel. See Rule 32(c)(2), F.R. Crim.P.

Within the 120 day time limit of the rule, a Motion for Reduction of Sentence, under Rule 35, F.R.Crim.P. was presented to the trial judge. A hearing thereon was held July 11, 1973.

During the Rule 35 hearing the trial judge refused to permit Shelton or his counsel to inspect the pre-sentence report, despite stating that in imposing sentence he had relied upon its contents and also upon confidential information attached to it. It was pointed out to the court by Shelton's counsel that state charges of drug possession were pending at the time of the tax evasion sentence and that the state charges had later been nolle prossed, that they arose from a wiretap on Shelton's home and a raid on his home, but that no drugs were found as a result of the raid. It was further pointed out that his record contained no drug conviction, although a New York possession charge had once been filed and later dismissed. It was urged that Drug Abuse Law Enforcement (DALE) agents furnished damaging hearsay and untrue information to the Probation Officer for inclusion in his pre-sentence report and that some of the information came from a court ordered but assertedly illegal wiretap placed on Shelton's home February 10, 1972 by DALE.[2] It was further asserted that DALE agents were present in the courtroom at the time of sentence on February 23, 1973, and were seen openly congratulating each other and the probation officer in the immediate environs of the courtroom, the probation officer saying "We racked Charles Shelton up".

The court did not, during the July 11, 1973 hearing, divulge the contents of the pre-sentence report, although stating candidly to counsel for Shelton:

"Well, I am certainly swayed by the presentencing report. What you have just recounted is the essence or extent of what you claim is your personal knowledge that the probation officer who prepared the presentencing report

1. Title 26, U.S.C., § 7201 carries a maximum punishment for each conviction of five years imprisonment, or $10,000 fine, or both.

2. On brief, the government points out the obvious inaccuracy of this assertion, DALE not having opened an Atlanta office until May 1972.

acted in a biased manner in cooperation with the Drug Abuse Law Enforcement agency to influence the Court as to the severity of the sentence and to punish the criminal for some suspected criminal activity and not the crime in the indictment; is that what you are referring to?

MR. SMITH: Yes, sir."

Court and counsel then discussed the fact that the same representations had been made to the court informally a week or so after sentence. It was also developed that some "forum shopping" had occurred, in that another judge of the Northern District of Georgia was approached as to a possible sentence, the trial judge stating that his knowledge of this matter did not influence his decision as to sentence and that he himself had not entered into any bargaining with counsel. The trial judge stated that the defendant's possession of large sums of money [3] from admittedly illegal sources was an influencing factor in the deterrence aspect of the sentence.

■ The court also stated that there was attached to the pre-sentence report "confidential information which I will not permit counsel to see, not from the probation officer but from persons within the services of the United States which is sufficiently probative to indicate that Shelton, in fact, was the middle of a drug operation or very probably substantially involved in a drug operation and that's where his money came from." [4]

■■ The confidential nature of this report, and the harmful effect its disclosure is likely to have upon other investigative operations of DALE and other state and government agencies, convince

us that its disclosure should not be required. We determine however, that the material meets the reliability test discussed in United States v. Weston, 9 Cir. 1971, 448 F.2d 626, and that the sentencing judge was entitled to rely upon it.

At the conclusion of the July 11, 1973 Rule 35 hearing the trial judge denied the motion for reduction, adhering to the sentence originally imposed: 4 years confinement and $5,000 fine.

Thereafter, in September 1973, Shelton filed below his pro se Motion, Pursuant to Section 2255 of Title 28, U.S.C. to Vacate Sentence on grounds that (1) the court was prejudiced by irrelevant information when sentencing petitioner, and (2) that on the record petitioner was denied his "due process rights to a fair trial under the Constitution of the United States of America."

The trial court denied this Motion without hearing by an order entered September 17, 1973, which read:

"Petitioner does not allege that the sentence imposed exceeded the statutory maximum. He instead asserts that the Court's reliance on information in his presentence report renders his sentence invalid.

The Court has previously considered and rejected petitioner's claim at a hearing on his motion for reduction of sentence. At that hearing the Court revealed the basis for its decision but declined, pursuant to the discretion provided in Fed.R.Crim.P. 32, to disclose the contents of the presentence report or the sources thereof.

Clearly, evidence considered by a sentencing court need not be of the quality required at a trial on the mer-

3. Shelton was asserted to have told the probation officer that his income, developed by the net worth-expenditures method, was produced by "hustling and gambling". The court intimated an opinion that the quoted language was perhaps a euphemism for involvement in drug operations.

4. This material was certified along with the pre-sentence report by the lower court to this Court under seal for inspection. We

have examined it as well as the pre-sentence report *in camera*. Neither contains any information whatever from any wiretap, either placed on Shelton's home or elsewhere, by DALE or by anyone else. This examination is dispositive of the contention raised on this appeal that the sentence imposed was based upon information gathered by illegal wiretaps. No wiretaps, legal or otherwise are referred to in either the pre-sentence report or the attached confidential information.

its. *See, e. g.*, United States v. Tucker, 404 U.S. 443, [92 S.Ct. 589, 30 L. Ed.2d 592] (1972). At the aforementioned hearing, the Court gave serious consideration to the sources and content of the presentence report and found the information contained therein to be of a highly reliable and probative character within the meaning of United States v. Weston, 448 F.2d 626 (9th Cir. 1971). This satisfied all statutory and constitutional mandates with respect to the sentencing process.

For the foregoing reasons, petitioner's motion to vacate sentence and judgment is hereby DENIED."

Upon leave to appeal in forma pauperis granted by the trial court, Shelton took a timely appeal from this denial. We appointed counsel for him under the Criminal Justice Act of 1964, Title 18, U.S.C., § 3006A, and the case has been submitted upon briefs and oral argument.

Our determination, Note 4, supra, that no information from wiretaps, legal or illegal influenced the trial court in sentencing Shelton takes us only part way in disposing of this appeal.

■ It is contended that since the trial judge in imposing sentence was influenced, as he stated at the July 11, 1973 hearing, by information indicating that Shelton was engaged in traffic in illicit drugs, due process requires that Shelton, who denies the accuracy of these reports, must be afforded an opportunity to refute that information. We think that such an opportunity is required by our prior decisions, beginning with Smith v. United States, 5 Cir. 1955, 223 F.2d 750, (rev'd on other grounds, 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed.2d 1041), where it was held, based upon Townsend v. Burke, 1948, 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690, that a sentence based upon false information as to a defendant's past convictions and past criminal conduct is lacking in due process and subject to motion to set aside under Title 28, U.S.C. § 2255. We held in United States v. Battaglia, 5 Cir. 1972, 478 F.2d 854, that where an appellant contended that facts relied upon by the sentencing court were untrue due process required that appellant be permitted "a hearing at which he may seek to remove any lingering doubt the court may have had about the true situation." Soon thereafter in United States v. Espinoza, 5 Cir. 1973, 481 F.2d 553, we held that due process requires that a defendant be allowed "adequate opportunity" to rebut information concerning his alleged prior criminal conduct relied upon by the court in fixing sentence.[5] Judge Goldberg spoke for us there:

"While the due process guarantee in *Townsend* has been judicially limited in order to preserve the confidentiality of the presentence report when and if in the district court's discretion such confidentiality is desirable, and to prevent the sentencing process from turning into a full scale evidentiary-type hearing, it is also widely recognized that where a sentencing judge *explicitly relies* on certain information in assessing a sentence, fundamental fairness requires that a defendant be given at least some opportunity to rebut that information." Id. at p. 556.

■ We vacate the order appealed from and remand with directions to conduct such a hearing. Upon remand, accommodation must be made by the district court between the right to withhold the confidential contents of the pre-sentence report, Williams v. New York, 1949, 337 U.S. 241, 69 S.Ct. 1079, 93 L. Ed. 1337, and the right of Shelton to be fairly advised of the information which formed the basis of sentencing.[6] When

---

5. See also United States v. Tucker, 1972, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592; United States v. Rollerson, 5 Cir. 1974, 491 F.2d 1209; United States v. Malcolm, 2 Cir. 1970, 432 F.2d 809. Cf. United States v. Trevino, 5 Cir. 1974, 490 F.2d 95.

6. We note that it is unlikely that this Court will be presented with additional cases in the

the information is made available to the appellant, a hearing will be necessary at which Shelton must be accorded an opportunity, such as is described in *Espinoza*, supra, to rebut the information *explicitly relied* upon in assessing sentence. The appellant has the initial burden of showing that the court relied on misinformation, Rogers v. United States, 5 Cir. 1972, 466 F.2d 513, cert. denied 1972, 409 U.S. 1046, 93 S.Ct. 546, 34 L. Ed.2d 498, and must therefore be advised as to the nature of the information relied upon so as to have the opportunity to rebut it discussed in *Espinoza*, supra.

Reversed and remanded with directions.

posture of the one at bar. The Amendments to the Federal Rules of Criminal Procedure will take effect August 1, 1974, unless the Congress indicates otherwise. Amended Criminal Rule 32(a)(3)(A) provides:

"(3) Disclosure.

(A) Before imposing sentence the court shall upon request permit the defendant, or his counsel if he is so represented, to read the report of the presentence investigation exclusive of any recommendation as to sentence, unless in the opinion of the court the report contains diagnostic opinion which might seriously disrupt a program of rehabilitation, sources of information obtained upon a promise of confidentiality, or any other information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons; and the court shall afford the defendant or his counsel an opportunity to comment thereon."