**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert J. MURPHY, Defendant-Appellant.**

**No. 74–1397**

**Summary Calendar.**[*]

United States Court of Appeals, Fifth Circuit.

July 12, 1974.

[*] Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Virgil M. Wheeler, Jr., Harry Nowalsky, New Orleans, La., for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., John R. Schupp, Mary Williams Cazalas, Asst. U. S. Attys., New Orleans, La., for plaintiff-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

Robert J. Murphy, upon a plea of nolo contendere, was adjudged guilty as charged in two counts of a four-count indictment for wilfull evasion of income tax, in violation of 26 U.S.C. § 7201 (1970). In addition to assessing a $10,000 fine on each count, the trial court ordered Murphy committed to the custody of the Attorney General for a period of one year on each count to run concurrently, with provision for incarceration for a three month period and probation for the duration of the sentence. Pursuant to Rule 35, F.R.Cr.P. Murphy moved for a reduction of his sentence. Coupled with this motion was a renewal of a petition for access to the probation officer's presentence report which the trial judge had considered in camera. Allegedly included in this report were the prosecutor's files and information garnered from an interview with an Internal Revenue Service special agent investigating Murphy, both of which purportedly contained erroneous personal opinions concerning Murphy's tax liabilities for the years 1966–1969. It is from the denial of his Rule 35 motion and petition for disclosure of the presentence report that Murphy appeals. We affirm.

■ This court has long maintained that it is within the discretion of the trial judge to grant or deny a defendant access to his presentence report. *See* United States v. Rollerson, 491 F.2d 1209 (5th Cir. 1974); United States v. Hartford, 489 F.2d 652 (5th Cir. 1974); United States v. Espinoza, 481 F.2d 553 (5th Cir. 1973); United States v. Battaglia, 478 F.2d 854 (5th Cir. 1972). Of course, the discretion with which a district judge is endowed must yield where it is ascertained that he relied upon erroneous information contained in the report in imposing a sentence. United States v. Rollerson, *supra* at 1213; United States v. Hartford, *supra* at 657. Thus, in United States v. Espinoza, *supra,* this court deemed it an abuse of discretion for a district court, after announcing a lengthy sentence, to refuse to permit the defendant to rebut the factual grounds upon which he expressly relied in imposing the sentence. And in United States v. Battaglia, *supra,* we held that a mere unexplained assertion by a trial judge on motion for resentencing that he would impose the same sentence as that previously prescribed on the basis of a concededly factually erroneous presentence report was insufficient to assure the vindication of a defendant's rights.

■ In the instant case, Murphy requests that we endorse the Seventh Circuit's absolute proscription against in camera consideration by a district judge

of a prosecution's files. *See* United States v. Solomon, 422 F.2d 1110, 1121 (7th Cir. 1970); United States v. Allsenberrie, 424 F.2d 1209, 1216 (7th Cir. 1970). Irrespective of the abstract merit of this position, we cannot countenance the application of an intractable rule. Here, unlike *Espinoza* and *Battaglia*, the sentence imposed was of minimal duration. And here, also unlike *Espinoza* and *Battaglia*, the information contained in the report appears to have been helpful and not detrimental to Murphy's cause. Indeed, at the hearing upon the motion for reduction of sentence and petition for disclosure of the presentence report, the trial court stated:

> "Well, I take the position on that counsel, that in view of the really moderate penalty imposed, if anything, it would be reasonable to conclude, almost, that Mr. Neilson's [the probation officer] report was very favorable in many respects to the defendant.
>
> And frankly, I don't think there was anything in the report so stirring or so thought provoking for me or so prejudicial that it would incline me to exercise some bad discretion with regard to any sentence." [1]

Moreover, at the original hearing on sentence, the district judge was particularly solicitous of Murphy's precarious health and financial condition and was sensitive to the disruption to his family life that would be precipitated by his incarceration. In these circumstances, the denial of access to the presentence report was not an abuse of discretion and hence the sentence imposed was proper.

Affirmed.

---

[1]. The presentence report was ordered to be sealed and made a part of the record on appeal to be opened only by Judges of the district court or the Judges of this court. We have examined the presentence report and conclude that the district court's assessment of it is reasonable.