UNITED STATES of America,
Plaintiff-Appellee,

v.

Otis O'Neal HORSLEY, Jr. and Alfred
Douglas Britt, Defendants-Appellants.

No. 75–1490
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 29, 1975.

Rehearing Denied Oct. 29, 1975.

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Edward E. Augustine, Athens, Ga., for Horsley and Britt.

Ronald T. Knight, U. S. Atty., H. Palmer Carr, Jr., Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

AINSWORTH, Circuit Judge:

Alfred Douglas Britt was convicted on separate counts of possession and distribution of hashish oil on two occasions; Otis O'Neal Horsley, Jr. was convicted on separate counts of possession and distribution for his participation in the second transaction. The first sale involved two ounces of oil; the second involved two pounds of oil, which was to be sold for $7800.

I. *Appellants' Contention that Conviction for Possession and Sale of Hashish Oil Violates Their Right to Privacy*

Appellants argue that restrictions upon the sale and use of marijuana and its derivatives invade a number of zones of privacy (*e. g.*, creating fear of arrest or search), and impermissibly restrict the individual's right to do as he wishes with his own body, much as abortion laws prevent the "obtaining" or "sale" of abortions. This contention is without merit. This Circuit has held that "[i]t is beyond constitutional doubt that Congress has the inherent power to adopt penal and rehabilitative provisions in response to the present pervasive drug traffic problem." *United States v. Simpson*, 5 Cir., 1973, 481 F.2d 582, *rehearing denied*, 481 F.2d 1404, *cert. denied*, 414 U.S. 1095, 94 S.Ct. 728, 38 L.Ed.2d 553.

In a case which squarely considered the constitutional privacy issues raised by appellants, the Second Circuit also rejected the arguments, noting that "there is no colorable claim of a fundamental constitutional right to sell marihuana . . .." *United States v. Kiffer*, 2 Cir., 1973, 477 F.2d 349, 352, *cert. denied*, 414 U.S. 831, 94 S.Ct. 165, 38 L.Ed.2d 65. The *Kiffer* court pointed out that *Griswold v. Connecticut*, 381 U.S. 486, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965) and *Stanley v. Georgia*, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969), relied upon by appellants, are not appropriate analogies because neither involved the element of commercialization present in the crimes of possession with intent to distribute and actual sale. *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), is also not helpful to appellants because there is no fundamental right to sell marijuana or its derivatives.

II. *Denial of Merger of Possession and Sale Counts*

Appellants contend that the offenses of possession with intent to distribute and distribution should have been merged, because possession with intent to distribute is a lesser included offense of distribution. Both offenses were violations of 21 U.S.C. § 841(a)(1), which provides:

(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . . .

This Circuit applies the "different evidence" test, according to which "convictions for separate offenses arising from a single fact pattern are upheld if each statute proscribing the conduct requires proof of different facts and different elements as to each separate offense." *United States v. Hill*, 5 Cir., 1974, 500 F.2d 733, 740 (use of common carrier for carriage of obscene films in interstate commerce and transporting obscene films for purpose of sale or distribution do not merge). In *United States v. Costello*, 5 Cir., 1973, 483 F.2d 1366, we held that possession of LSD under 21 U.S.C. § 844(a) and distribution under § 841(a)(1) were separate offenses, since the former was complete on receipt of

the drugs from a third party, whereas the latter required transfer to a third party. 483 F.2d at 1368.

### III. *Nondisclosure of Presentence Reports*

Appellants contend that the District Court erred in denying them access to presentence reports. Although the record does not disclose what, if any, information in the reports was relied upon in sentencing, appellants maintain that this nondisclosure is significant in light of the disparity of sentences imposed on the two defendants. Horsley's sentence was almost twice that of Britt's (30 month confinement, 3 year probation, as opposed to 18 month confinement, 2 year probation), even though according to the defense view of the evidence, Britt had made all the arrangements for the two drug transactions involved, whereas Horsley had only been present at the time of the final sale. The chief prosecution witness (a DEA agent who had acted as an undercover agent at the time of sale) alleged that when the defendants arrived at a prearranged meeting point with the $7800 worth of hashish oil, he asked for an explanation of Horsley's presence, whereupon Horsley had held up two bottles and said, "Well, it's my dope." Horsley and his attorney claimed that he had only gone along as a favor to his friend Britt, to protect Britt against possible robbery by the (unsuspected) undercover agents, and that he had only said "I'm looking after the dope"—not that it was his.

■■ This Circuit has repeatedly held that the decision whether or not to disclose part or all of a presentence report submitted pursuant to Federal Rule of Criminal Procedure 32(c)(2) lies within the discretion of the trial judge. *United States v. Arenas-Granada*, 5 Cir., 1973, 487 F.2d 858, 859 (per curiam); *United States v. Thomas*, 5 Cir., 1970, 435 F.2d 1303 (per curiam); *United States v. Chapman*, 5 Cir., 1969, 420 F.2d 925, 926; *Good v. United States*, 5 Cir., 1969, 410 F.2d 1217, 1221; *United States v. Bakewell*, 5 Cir., 1970, 430 F.2d 721, 722 (per

curiam). We have also held that even where some errors in the presentence report have come to light and been corrected, the trial judge may properly refuse to disclose the remainder of the report to the defendant for purposes of ascertaining whether further mistakes have been made. *United States v. Jones*, 5 Cir., 1973, 473 F.2d 293, *cert. denied*, 411 U.S. 934, 93 S.Ct. 2280, 36 L.Ed.2d 961. In Jones, the trial judge expressly indicated that its sentence was not based on matters other than those revealed during the trial. *See id.* at 295–96.

■ Recent cases have recognized that at least where the trial court has explicitly relied upon presentence report information in assessing a sentence, "fundamental fairness requires that a defendant be given at least some opportunity to rebut that information." *Shelton v. United States*, 5 Cir., 1974, 497 F.2d 156, 159, *citing United States v. Espinoza*, 5 Cir., 1973, 481 F.2d 553, 556. The court in *Shelton* noted that the appellant has the initial burden of showing that the court relied on misinformation, and that he "must therefore be advised as to the nature of the information relied upon so as to have the opportunity to rebut it . . . ." 497 F.2d at 160. The Government correctly notes, however, that the current record reveals no explicit reliance by the sentencing judge on the presentence reports. The trial judge did not articulate the grounds for the sentences imposed.

■ The leading Supreme Court case regarding access to presentence reports, *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949), has not been overruled. In *Williams*, the Court sustained a death sentence imposed on the basis of a presentence report, despite a jury recommendation of a life sentence. The Court held that the due process clause does not require that a sentence be based on information received in open court, noting that much of the information relied upon by judges in presentence reports would be unavailable if it were restricted to that given in

open court by witnesses subject to cross-examination. 337 U.S. at 250–51, 69 S.Ct. at 1084–85. This holding is not applicable in situations where, in the absence of counsel, an individual is sentenced on the basis of assumptions concerning his criminal record which are materially untrue, *Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690 (1948), or where a sentence is founded at least in part upon misinformation of constitutional magnitude, as where an individual's record consisted in part of prior convictions which were constitutionally infirm, *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 592, 30 L.Ed.2d 592 (1972). However, neither of these considerations is present in this case, and thus there is no due process basis for disclosure of nonconfidential presentence information.

Affirmed.