886 F.2d 330
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Benjamin Franklin CHRISTIAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-5493.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1989.
 
 Before KENNEDY and WELLFORD, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Benjamin Franklin Christian moves for counsel and appeals from the district court's order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. He pled guilty to conspiracy, transporting explosives, conspiracy to commit arson, and making false statements. He was sentenced to fifteen years in prison and ordered to pay $26,403.24 in restitution.
 
 
 3
 Christian claimed that his sentence should be vacated because his presentence investigation report contained inaccurate information and his counsel was ineffective in that he failed to investigate and object to this inaccurate material. After reviewing the response, Christian's traverse, the magistrate's report and recommendation, and Christian's objections, the district court denied the motion as meritless.
 
 
 4
 Christian raises the same claims on appeal. In addition, he claims that his guilty plea was not knowing and voluntary because the prosecution made secret promises to him.
 
 
 5
 As an initial matter, Christian's claim that his plea was not knowingly and voluntarily made because the prosecution made secret promises to him was not raised in the district court and, thus, will not be considered for the first time on appeal. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987).
 
 
 6
 Upon consideration, we affirm the district court's order as Christian failed to demonstrate that his criminal proceedings were inconsistent with the rudimentary demands of fair procedure. See United States v. Timmreck, 441 U.S. 780, 783 (1979).
 
 
 7
 Christian has not shown that there was false information in the report nor that the court relied upon false information in sentencing him. District judges have wide latitude to consider factors relevant to a sentencing decision. United States v. Stephens, 699 F.2d 534, 538 (11th Cir.1983). The court can consider any circumstance that aids it in deriving a more complete picture regarding the convicted person's background and behavior. United States v. Lee, 818 F.2d 1052, 1055 (2d Cir.), cert. denied, 108 S.Ct. 350 (1987). The trial judge may appropriately consider any responsible information of a relevant nature. See Collins v. Buchkoe, 493 F.2d 343, 345 (6th Cir.1974) (per curiam). The mere fact that incorrect information may have been available to the court does not require the inference that it was the basis for the sentence. For the sentence to be invalid, the petitioner must show the court to have explicitly relied upon those facts. See United States v. Fry, 831 F.2d 664, 668 (6th Cir.1987); United States v. Garcia, 693 F.2d 412, 415 (5th Cir.1982).
 
 
 8
 Christian claims that the district court incorrectly relied upon an error in the report concerning his indictment for conspiracy to murder a federal witness. Although that indictment was dismissed at the sentencing hearing's conclusion, the report contained two references to the indictment. A review of the sentencing hearing transcript does not show that the district court relied upon any information concerning the dismissed indictment as the basis for Christian's sentence. Specifically, the court did not refer to the facts of the charge, but relied instead upon Christian's reputation, background, and information contained on tapes that the judge heard at a previous hearing. The judge did mention the charge in the dismissed indictment. But the remark was based on information divulged in the earlier hearing. The court indicated that Christian's background and cooperation with prosecutors in pursuing the case against other defendants influenced its decision. Furthermore, the transcript shows that Christian and his attorney had the opportunity to review the report, and the court gave both he and his attorney the opportunity to object to any facts in the report. Both declined to do so, even when the judge specifically inquired as to objections in a previous letter written by defense counsel. Because Christian failed to show both that there was false information before the sentencing court, and that the court relied upon the false information in passing sentence, his claim fails. See United States v. Stevens, 851 F.2d 140, 143 (6th Cir.1988); Fry, 831 F.2d at 667-69. It follows that Christian failed to establish that counsel was ineffective and, thus, the court correctly declined to consider that issue. Clearly, defense counsel's actions did not prejudice Christian. See Strickland v. Washington, 466 U.S. 668, 688 (1984).
 
 
 9
 For these reasons, the motion for counsel is hereby denied, and the district court's order is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.