[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 6, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15098
Non-Argument Calendar

_____

D.C. Docket No. 04-00143-CR-T-26-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK KISER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 6, 2005)

Before ANDERSON, CARNES, and MARCUS, Circuit Judges.

PER CURIAM:

Frank Kiser appeals his 87-month sentence stemming from his plea of guilty to conspiracy to import more than one kilogram of heroin, in violation of 21 U.S.C. §§ 963, 960(a)(1), and (b)(1)(a). He raises three arguments. We conclude

that his first argument has no merit, and that his second and third arguments are precluded by the sentence appeal waiver in his plea agreement. Accordingly, we affirm.

First, Kiser argues that the district court violated his Fifth Amendment right to due process by denying his motion to have his expert re-weigh the heroin seized and used by the court to determine his sentence. He asserts that the weight of the heroin was critical evidence that was subject to varying expert opinions and that his base offense level would have differed by two levels if the heroin weighed less than three kilograms.

We review a district court's denial of a motion to inspect for abuse of discretion. See United States v. Sullivan, 578 F.2d 121, 124 (5th Cir. 1978).[1] A defendant in a drug prosecution has a due process right to have an expert perform an independent analysis of the seized substance. United Stated v. Nabors, 707 F.2d 1294, 1296 (11th Cir. 1983). A defendant, however, need not be accorded the same degree of due process protection during the sentencing phase as is required during a criminal trial. United States v. Satterfield, 743 F.2d 827, 840 (11th Cir. 1984) ("The sole interest being protected is the right not to be sentenced

---

[1] In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

on the basis of invalid premises or inaccurate information. Because the sentencing procedure is not a trial, courts have limited this right in order to prevent the sentencing hearing from becoming a full-scale evidentiary hearing." (Internal citations omitted)). "Having been presented with some contradictory facts, the district court may, within its discretion, determine that it has adequate undisputed information to properly sentence the defendant." United States v. Stephens, 699 F.2d 534, 537 (11th Cir. 1983).

In this case, the district court recognized that the drug amount would of have to have been significantly less in order to reduce Kiser's sentence, and Kiser produced no evidence suggesting that the Government's testing equipment did not function properly or that the weigher was incompetent. Because the sole concern during sentencing is to assure that the district court does not sentence a defendant based on inaccurate information, and there is no indication in the record that the amount of heroin for which Kiser was sentenced is inaccurate, the district court did not violate Kiser's due process rights.

Second, Kiser asserts that the district court violated his Sixth Amendment rights by sentencing him based on 3.7 kilograms of heroin because he did not admit the amount and a jury did not find it beyond a reasonable doubt. Third, he contends that the district court erred as a matter of law in denying him a minor role

reduction. In response, the government argues that Kiser's claims are covered by a sentence appeal waiver included in his plea agreement.

An appeal waiver will be enforced if the government can show either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver. United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005), cert. petition filed, No.04-1566 (Apr. 5, 2005) (Holding a defendant can waive the right to appeal a sentence based on Booker in a plea agreement and broad waiver language covers this ground of appeal).

The record clearly indicates that the magistrate judge questioned Kiser about the appeal waiver during the plea colloquy and that Kiser understood the significance of the waiver. Additionally, Kiser's claims do not fall within any of the exceptions provided in the appeal waiver. As a result, we dismiss Kiser's second and third claims.

For the foregoing reasons, we affirm Kiser's sentence.[2]

**AFFIRMED.**

---

[2] Kiser's request for oral argument is denied.