**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert BISHOP, Defendant-Appellant.**

**No. 18132.**

United States Court of Appeals,
Seventh Circuit.

Feb. 7, 1972.

Rehearing Denied Feb. 28, 1972.

Lorraine N. Woods, Chicago, Ill., for defendant-appellant.

James R. Thompson, U. S. Atty., Stanley D. Kubacki, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee; William J. Bauer, United States Atty., Chicago, Ill., John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., of counsel.

Before SWYGERT, Chief Judge, CASTLE, Senior Circuit Judge, and STEVENS, Circuit Judge.

CASTLE, Senior Circuit Judge.

The defendant-appellant, Robert Bishop, prosecutes this appeal from the judgment of conviction and sentence entered by the District Court following defendant's trial on a two-count indictment charging him with violations of the federal narcotic laws. Count I of the indictment charges the defendant with an unlawful sale of heroin hydrochloride on August 29, 1968, in violation of 26 U.S.C.A. § 4705(a). Count II charges that on or about the same date the defendant received, concealed, and facilitated the transportation and concealment of the heroin in violation of 21 U.S.C.A. § 174. The jury returned verdicts finding the defendant guilty on each count. The District Court entered judgment on the verdicts and sentenced the defendant to six years imprisonment on each count, the sentences to run concurrently.

The defendant urges a reversal of his conviction on Count I on the ground that the government failed to adduce any evidence that the sale of heroin involved was made without having obtained from the purchaser a written order form issued for that purpose by the Secretary of the Treasury or his delegate. But in this respect the defendant overlooks that it is not incumbent on the government to prove that the purchase was not made with a written order on the prescribed form. United States v. Davis, 7 Cir., 281 F.2d 93, 97, rev'd on other grounds, 364 U.S. 505, 81 S.Ct. 281, 5 L.Ed.2d 258; United States v. Peterson, 7 Cir., 424 F.2d 1357, 1363–1364; United States v. Palmiotto, 2 Cir., 347 F.2d 223; United States v. Sabella, 2 Cir., 272 F.2d 206, 211. In rejecting a somewhat similar argument in United States v. Rowlette, 7 Cir., 397 F.2d 475, 479, this Court had occasion to cite and rely upon McKelvey v. United States, 260 U.S. 353, 357, 43 S.Ct. 132, 134, 67 L.Ed. 301, where the controlling principle is stated as follows:

"By repeated decisions it has come to be a settled rule in this jurisdiction that an indictment or other pleading founded on a general provision defining the elements of an offense, or of a right conferred, need not negative the matter of an exception made by a proviso or other distinct clause, whether in the same section or elsewhere, and that it is incumbent on one who relies on such an exception to set it up and establish it."

We turn to consideration of the defendant's remaining contention which is directed to the convictions under both counts of the indictment. This contention, upon which the defendant predicates the existence of error requiring a reversal of his convictions, concerns the admission of evidence relating to his prior convictions of felonies in the Criminal Court of Cook County,[1] Illinois. At the trial the defendant took the witness stand and testified on his own behalf. To impeach the credibility of the defendant's testimony, the prosecution on cross-examination questioned him re-

---

1. Circuit Court of Cook County, Criminal Division.

garding his prior felony convictions in the state court. The defendant admitted that he was convicted of burglary in January 1961. In response to a further question as to whether he was the same Robert Bishop who was found guilty on July 2, 1963, of assault with intent to commit robbery, the defendant answered:

"This wasn't in '63. This was in 1958.[2] I received five years probation. I violated that probation. This is a juvenile record you are speaking of."

On redirect examination the defendant testified that he was 21 years of age in 1961.

▇ Contrary to the intimation implicit in defendant's argument on appeal, no authenticated record pertaining to either of the two felony convictions to which defendant admitted in his testimony, or any record of any other conviction, was offered or admitted in evidence. Thus, no documentary exhibit evidencing any prior conviction was before the jury or considered by the jury in its deliberation, and defendant's contention that authenticated records of prior convictions were improperly offered and received in evidence without proof that the defendant was the Robert Bishop named therein is wholly without foundation in the record.

▇ We are not persuaded by defendant's additional contention that it was not within the trial court's discretion to permit the government to question him on cross-examination with respect to the two felony convictions because such convictions lacked probative value on the issue of defendant's credibility and that reference to them unfairly resulted in inherent prejudice to the defendant. Defendant's trial took place on October 28 and 29, 1968. The prior convictions here involved were not too remote.[3] And established procedure permits impeachment through the use of prior felony convictions. United States v. Senior, 7 Cir., 274 F.2d 613, 616; United States v. Cox, 7 Cir., 428 F.2d 683, 689.

Consequently, we perceive no basis in the record for a reversal of defendant's conviction because of the testimony adduced on cross-examination relating to his prior felony convictions.

The record does disclose that after the jury returned its verdicts finding the defendant guilty, was polled, and was discharged, the court addressed itself to the matter of the sentence to be imposed.[4] The court first inquired if the government had "any comments in aggravation". It was at this juncture of the proceeding that the prosecutor stated: "I have here three certified records for the court of prior convictions of the defendant, all of them felonies, all of them having taken place in the Circuit Court of Cook County [Illinois]". The court inquired if any of the convictions had to do with narcotics, and was advised that they did not. The court then stated: "They may be filed of record". These certified records relate to three convictions of a Robert Bishop. It is conceded that one of them, a November 25, 1959, conviction in General No. 59–3041 for assault with intent to commit robbery, pertains to the defendant. The other two are, respectively, an October 14, 1957, conviction in General No. 59–2080 for larceny of an automobile; and a January 27, 1961, conviction in General No. 60–4020 for burglary.

▇ The government, subsequent to the briefing and oral argument on appeal, has conceded that the latter two

---

2. The defendant was apparently mistaken as to this date. It is conceded on appeal that the defendant was convicted in the Circuit Court of Cook County, Illinois, on November 25, 1959, of assault with intent to commit robbery. The July 2, 1963, date is the date he was sentenced, apparently after violation of probation.

3. See: Advisory Committee Draft of Proposed Rules of Evidence, Rule 609, 51 F.R.D. 315, 316; United States v. Plata, 7 Cir., 361 F.2d 958, 962.

4. The § 4705(a) conviction required a minimum sentence of at least five years imprisonment under 26 U.S.C.A. § 7237, since repealed.

convictions do not appertain to the defendant but, on the contrary, relate to another person of the same name, Robert Bishop. Under the circumstances we are of the view that the rationale of United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592, dictates that we vacate the sentences imposed and remand the cause to the District Court with directions to resentence the defendant without taking into consideration the conviction records in General Nos. 59–2080 and 60–4020. These two conviction records were improperly before the court inasmuch as they do not relate to this defendant.

Accordingly, the defendant's convictions are affirmed but the sentences imposed are vacated and the cause is remanded to the District Court with directions to resentence the defendant without giving consideration to the conviction records in General Nos. 59–2080 and 60–4020.[5]

Convictions affirmed but sentences vacated and cause remanded for resentencing.

---

5. In view of the disposition made it is unnecessary to consider a motion which the defendant filed for summary reversal.