**UNITED STATES of America, Plaintiff,**

v.

**Randall William PETERS, Defendant.**

**No. 79–Cr–107.**

United States District Court,
E. D. Wisconsin.

Sept. 6, 1979.

---

Joan F. Kessler, U. S. Atty. by Bonny Lopez, Milwaukee, Wis., for plaintiff.

Angermeier & Rogers by Mark J. Rogers, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This action is before me on Randall Peters' two motions to dismiss the superseding indictment against him. The defendant's first motion challenges the legality of the grand jury which indicted him. His second motion challenges the sufficiency of the indictment. Both motions will be denied.

■ The defendant's first motion is based upon alleged deficiencies in this district's "Plan for the Random Selection of Grand and Petit Jurors." Mr. Peters alleges that the plan does not comport with constitutional and statutory requirements in connection with grand and petit jury panels in this district in that it fails to provide adequate numbers of two groups: (1) American Indians and (2) American Indians residing on the Menominee Reservation in Menominee, Wisconsin.

The instant motion is identical to motions brought in this branch by the defendants in United States v. Smith, 78–CR–157 and 78–CR–158, and United States v. Gristeau, 78–CR–161. The parties in this case rely on the same briefs and factual records which were presented in the Smith and Gristeau cases. After evidentiary hearings in those cases, the court denied the defendants' motions in a decision and order dated January 8, 1979. D.C., 463 F.Supp. 680. Since Mr. Peters raises no arguments beyond those which I considered in Smith and Gristeau, his motion challenging the grand jury which indicted him must be denied.

■ Mr. Peters' second motion challenges the sufficiency of the superseding indictment against him. That indictment charges him as follows:

"That on or about the 10th day of March, 1979, at Keshena, on the Menominee Indian Reservation, and within Indian Country, in the State and Eastern District of Wisconsin,

RANDALL WILLIAM PETERS,

an Indian,

assaulted another with a dangerous weapon with intent to do bodily harm, that is, knowing people were inside, Randall William Peters shot a rifle at the Donna House residence, a bullet hitting Richard Warrington in the leg, all in violation of Title 18, United States Code, Sections 113(c) and 1153."

18 U.S.C. § 113(c) provides:

"Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:

\*     \*     \*     \*     \*     \*

"(c) Assault with a dangerous weapon, with intent to do bodily harm, and without just cause or excuse, by fine of not more than $1,000 or imprisonment for not more than five years, or both."

Mr. Peters challenges the sufficiency of the indictment by claiming that it unconstitutionally fails to allege that he committed an assault "without just cause or excuse." The defendant's contention is based primarily on two Supreme Court cases, United

*States v. Cook*, 17 Wall. 168, 84 U.S. 168, 21 L.Ed. 538 (1872), and *United States v. Britton*, 107 U.S. 655, 2 S.Ct. 512, 27 L.Ed. 520 (1883). In the latter case, the Court stated:

"The rule of pleading as laid down by Mr. Chitty is, that 'When a statute contains provisos and exceptions in distinct clauses it is not necessary to state in the indictment that the defendant does not come within the exceptions, or to negative the provisos it contains. On the contrary, if the exceptions themselves are stated in the enacting clause it will be necessary to negative them in order that the description of the crime may in all respects correspond with the statute.' 1 Chitty, Cr.L., 283 b, 284." Id. at 670, 2 S.Ct. at 524–25.

The language in *Britton* is apparently based on the dubious notion that legislative intent with regard to the burden of pleading and proving an exception to a crime is invariably revealed by the sentence structure of the statute defining the crime and its exceptions. In my opinion, many legislators would be surprised to learn that the burden of pleading and proof as to an exception turned on whether such exception was in the enacting clause or in a separate sentence or paragraph.

Subsequent to *Britton* and *Cook* the Supreme Court clearly rejected the formalistic analysis suggested by the above-quoted passage. In *McKelvey v. United States*, 260 U.S. 353, 357, 43 S.Ct. 132, 134, 67 L.Ed. 301 (1922), the Court stated:

"By repeated decisions it has come to be a settled rule in this jurisdiction that an indictment or other pleading founded on a general provision defining the elements of an offense, or of a right conferred, need not negative the matter of an exception made by a proviso or other distinct clause, *whether in the same section or elsewhere* and that it is incumbent on the one who relies on such an exception to set it up and establish it." (emphasis added).

The court of appeals for this circuit has consistently followed *McKelvey*. *See e. g., United States v. Roya*, 574 F.2d 386, 391

(7th Cir. 1978); *United States v. Bishop*, 457 F.2d 260, 261 (7th Cir. 1972); *United States v. Rowlette*, 397 F.2d 475, 479 (7th Cir. 1968).

In *United States v. Bishop*, supra, the defendant was prosecuted under 26 U.S.C. § 4705(a), which provides:

"It shall be unlawful for any person to sell, barter, exchange, or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary or his delegate."

The defendant contended that his conviction should be reversed since "the government failed to adduce any evidence that the sale of heroin involved was made without having obtained from the purchaser a written order form issued for that purpose by the Secretary . . .." 457 F.2d at 261. Citing *McKelvey*, the court held that it was the defendant's burden to prove the exception even though it is in the clause which defines the crime.

In *United States v. Rowlette*, supra, the defendant was prosecuted under 21 U.S.C. § 360a which regulated the manufacture and sale of drugs. At the time, § 360a excluded from its purview the sale of a drug made in the ordinary course of the business of specifically enumerated classes of persons. The defendant contended that the government had the burden of proving the inapplicability of the exceptions to § 360a. Again citing *McKelvey*, the court stated:

"In our opinion the exceptions or exemptions specified in § 360a may, insofar as burden of proof is concerned, be equated with affirmative defenses. Whether a defendant and his activity occupy an exempt status is a matter peculiarly within his knowledge and with respect to which he can be fairly expected to adduce the proof. The burden of proving the facts necessary to establish such an affirmative defense is upon the defendant. A.L.I. Model Penal Code, § 1.12(3) (Prop.Off. Draft 1962)."

In the case at bar, whether Mr. Peters had "just cause or excuse" for his alleged assault is an affirmative defense as to which he has greater knowledge than the government. Accordingly, the prosecution was not obliged to include a reference to "just cause or excuse" in the indictment and the burden of proving the facts necessary to establish this exception is on the defendant.

This conclusion is supported by the only other court to consider the specific question at bar. In *Hockenberry v. United States*, 422 F.2d 171, 173 (9th Cir. 1970), the court stated:

> "It was not necessary to recite that the assault was 'without just cause or excuse.' If there was such cause or excuse, the defendant could show it; the government did not have the burden of pleading or proving its absence."

Therefore, IT IS ORDERED that the defendant's motions to dismiss the superseding indictment against him be and hereby are denied.