**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Martin J. PHILLIPPI,**
**Defendant-Appellant.**

No. 80–2630.

United States Court of Appeals,
Seventh Circuit.

Argued May 13, 1981.

Decided July 29, 1981.

Certiorari Denied Nov. 2, 1981.
See 102 S.Ct. 526.

Thomas E. Bush, Milwaukee, Wis., for defendant-appellant.

Elizabeth L. Adelman, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Before CUMMINGS and PELL, Circuit Judges, and LARSON, Senior District Judge.[*]

PER CURIAM.

Defendant was charged in Count 2 of the indictment with a violation of 18 U.S.C. §§ 1153 and 113(c) in that he assaulted another with a dangerous weapon to do bodily harm. He allegedly placed a large knife at the throat of Lynn Peters and cut her neck. The jury found defendant guilty on Count 2 and acquitted defendant on Count 1, in which he was charged with kidnapping.

The only issue on appeal is whether an indictment charging assault with a dangerous weapon under 18 U.S.C. § 113(c) is defective when it fails to allege that the defendant committed the assault without just cause or excuse.

The Magistrate in denying defendant's motion to dismiss Count 2 relied on an earlier decision by Judge Gordon, who presided at this trial, in *U. S. v. Peters*, 476 F.Supp. 259 (E.D.Wis.1979). In *Peters* Judge Gordon decided that the prosecution was not obliged to include a reference to "just cause or excuse" in the indictment. *Id.* at 262.

The Court of Appeals for the Ninth Circuit in *Hockenberry v. U. S.*, 442 F.2d 171, 173 (1970), decided that it was not necessary to recite in the indictment that the assault was "without just cause or excuse."

We agree with the Ninth Circuit in *Hockenberry* and with Judge Gordon in *Peters.*

The judgment of conviction on Count 2 is therefore affirmed.