**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Michael GILTNER, Defendant–Appellant.**

**No. 88–3690.**

United States Court of Appeals, Eleventh Circuit.

Dec. 6, 1989.

** Hon Joel F. Dubina, U.S. District Judge for the Middle District of Alabama, sitting by designation.

Anthony F. Gonzalez, Tampa, Fla., for defendant-appellant.

Walter Furr, Asst. U.S. Atty., Tampa, Fla., for plaintiff-appellee.

Before ANDERSON and COX, Circuit Judges, and SHOOB *, District Judge.

PER CURIAM:

## I. BACKGROUND

In December of 1986 a federal grand jury indicted the appellant Michael Giltner for the following offenses: engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848, a 21 U.S.C. § 963 conspiracy to import marihuana, a 21 U.S.C. § 846 conspiracy to possess with intent to distribute marihuana, an 18 U.S.C. § 371 conspiracy to evade income taxes, and two counts of income tax evasion in violation of 26 U.S.C. § 7201. In January 1988 Giltner entered into a plea agreement with the government pursuant to which he pled guilty to all charges except for the continuing criminal enterprise charge; that charge was dropped as part of the plea agreement.

Giltner's position at sentencing was that he had ceased any involvement with narcotics in 1981. The government's position at sentencing was that Giltner's involvement with controlled substances continued after 1981, and that his involvement included the use and distribution of cocaine as well as the distribution of marihuana.

A presentence investigation report ("PSI") was prepared prior to Giltner's sentencing. Four days before sentencing, the government filed a sentencing memorandum ("memorandum") to which it attached a supplement one day later.

The government's memorandum alleged that Giltner had been involved in or had knowledge of cocaine transactions and other "drug activities" occurring from 1983–1988; that the government had information to this effect from at least two sources; and that Giltner continued to deny knowledge of these transactions although he had promised to cooperate with the government as part of his plea bargain. The supplement contained material in support of the government's contention that the appellant knew of cocaine related activity. Specifically, the supplement contained grand jury testimony of one of Giltner's coconspirators (Gardiner) and notes of an Assistant United States Attorney taken at an interview of another of Giltner's coconspirators (Myers). Both state that Giltner was involved in the use and distribution of cocaine during a period after 1981. Gardiner was present at Giltner's sentencing. Also present was IRS Agent David Siegwald who, along with an Assistant United States Attorney, had participated in the interview of Myers.

At the sentencing hearing Giltner's attorney moved to strike both the government's memoranda on the ground that they contained uncorroborated hearsay statements and materially false information. He contended that the memorandum and supplement were filed too late. If the court would not strike the memoranda, he requested an evidentiary hearing in order to challenge the government's information and cross-examine. The district court denied Giltner's motion to strike and stated that "there's no need for an evidentiary hearing based upon what has been filed." (R.Vol. 3 p. 32).

Subsequent to the ruling Giltner's attorney and the Assistant United States Attorney extensively discussed their respective positions on sentencing. Giltner was allowed to address the court, and again denied any involvement with criminal activity after 1981.

Giltner was sentenced to serve twelve years on each of the conspiracy counts (Counts Twelve and Thirteen), which the court explicitly stated included five year minimum mandatory sentences, to run concurrently, and five years on each of the tax counts to run concurrently with each other and concurrent with the twelve year sentences.

Giltner argues on this appeal: (1) that the district court's consideration of uncorroborated hearsay contained in the sentencing memoranda while denying him the

---

* Honorable Marvin H. Shoob, U.S. District Judge for the Northern District of Georgia, sitting by designation.

right to call and cross-examine his accusers violated his due process rights;[1] (2) that the government violated the plea agreement when it offered evidence at sentencing of Giltner's knowledge of or participation in cocaine transactions; and (3) that the district court incorrectly sentenced Giltner to two twelve year sentences without parole including a five year mandatory minimum on each sentence. We affirm in part, vacate in part and remand.

## II. DISCUSSION

### A. Due Process Claim

Giltner's general contention that he was denied his due process rights at sentencing may be broken down into two separate arguments. He argues that he was denied his due process rights because the district court sentenced him on the basis of uncorroborated hearsay testimony and materially false information. Giltner further argues that his due process rights were violated because the district court denied him the opportunity to rebut, through cross-examination of witnesses, the information that the court relied upon in sentencing him.

Federal law gives a district court wide latitude in the kinds of information it may consider in the sentencing decision. 18 U.S.C. § 3661 (1986) reads:

No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

Courts are permitted to consider hearsay testimony at sentencing. *United States v. Ammirato*, 670 F.2d 552, 557 (5th Cir. Unit B 1982); *United States v. Ashley*, 555 F.2d 462 (5th Cir.), *cert. denied, Leveritte v. United States*, 434 U.S. 869, 98 S.Ct. 210, 54 L.Ed.2d 147 (1977). While hearsay evidence may be considered in sentencing, due process requires both that the defen-

dant be given an opportunity to refute it and that it bear minimal indicia of reliability. *United States v. Rodriguez*, 765 F.2d 1546, 1555 (11th Cir.1985). These protections apply not just to hearsay testimony but also to any information presented at sentencing. *United States v. Saintil*, 753 F.2d 984, 990 (11th Cir.), *cert. denied*, 472 U.S. 1012, 105 S.Ct. 2712, 86 L.Ed.2d 727 (1985). When, as in this case, the defendant claims that his due process rights were violated by the sentencing court's reliance on materially false information, the defendant must establish not only that the disputed information is materially false or unreliable, but also that the sentencing judge relied on the information. *United States v. Clements*, 634 F.2d 183, 186 (5th Cir.1981); *United States v. Reme*, 738 F.2d 1156, 1167 (11th Cir.1984), *cert. denied, Pierrot v. United States*, 471 U.S. 1104, 105 S.Ct. 2334, 85 L.Ed.2d 850 (1985).

Giltner has established that the district judge relied upon the disputed information in sentencing him. At the hearing the judge explicitly stated that she had read the memorandum and supplement and that it was appropriate for her to consider their contents in determining an appropriate sentence. Moreover, the record indicates that the government introduced the evidence of appellant's alleged use and distribution of cocaine to demonstrate that in denying participation in such activity, the appellant had not fully cooperated with the government's investigation. When Giltner was sentenced, the judge emphasized that if he later decided to cooperate, he had 120 days to file a Rule 35 motion.[2] If the sentencing judge had not relied upon the disputed evidence, then she would not have indicated to appellant that his subsequent cooperation might warrant reduction of his sentence.

The question still remains, however, whether Giltner has shown that the information produced by the government was so unreliable that its use by the district court

---

1. Although appellant does not specifically say so, we assume the argument is predicated upon the due process clause of the Fifth Amendment.

2. Rule 35(b) of the Federal Rules of Criminal Procedure allows the court, upon motion, to reduce a sentence.

amounted to sentencing the appellant on the basis of false information. *Ammirato,* 670 F.2d at 557; *Reme,* 738 F.2d at 1168.

■ Two independent sources claimed that the appellant had been involved in cocaine transactions. Gardiner testified under oath before a grand jury that he had used cocaine with Giltner and that Giltner had purchased "multiple ounces" in his presence. Likewise, notes taken at an interview of Myers show that Myers stated that he used cocaine with Giltner and that Giltner mentioned to him that he had transported a kilogram of cocaine from Florida to Colorado. Although Myers later denied ever having said that appellant transported any cocaine, the government, before the district judge at sentencing, argued that since Myers had been sentenced and was already incarcerated he no longer had any incentive to cooperate, and that Giltner is the godfather of Myers' child. We hold that the information concerning Giltner's use and distribution of cocaine bears minimal indicia of reliability.[3]

■ Giltner also claims that he was denied due process because he was not permitted to cross-examine his accusers at sentencing. A review of the record does not clearly reflect who Giltner wanted to call as witnesses, although the possibilities include Gardiner, Myers and the IRS Agent present at Myers' interview—Siegwald. Giltner's attorney asked generally for an evidentiary hearing, but did not specifically name who he wanted to call or make any proffer as to what the testimony would be. There is no apparent reason why Giltner would have wanted to call Myers in order to cross-examine him; Myers had recently recanted under oath, before the grand jury, his earlier unsworn statements relative to Giltner's involvement. Nothing in the

record suggests that he did not continue to deny Giltner's involvement. We assume that Gardiner, on the other hand, continued to implicate Giltner, although what his cross-examination would establish is not reflected by this record.

While Giltner spoke on his own behalf, and denied any involvement with drugs after 1981, he did not elect to give sworn testimony denying such involvement. Further, his attorney did not request a continuance in order to rebut the information provided by the government.

■ It is widely recognized that the sole interest being protected at sentencing is the right not to be sentenced on the basis of inaccurate or unreliable information. *United States v. Hodges,* 556 F.2d 366, 369 (5th Cir.1977), *cert. denied,* 434 U.S. 1016, 98 S.Ct. 735, 54 L.Ed.2d 762 (1978); *United States v. Stephens,* 699 F.2d 534, 537 (11th Cir.1983). To prevent the sentencing hearing from becoming a trial, courts have limited this right. *United States v. Espinoza,* 481 F.2d 553 (5th Cir.1973). While due process requires that appellant be afforded the opportunity to refute the information brought against him at sentencing, *Saintil,* 753 F.2d at 990, it does not require that appellant be given the opportunity to call and cross-examine witnesses to rebut the information. *See United States v. Satterfield,* 743 F.2d 827, 840 (11th Cir.1984).[4] It is within the discretion of the district judge to determine the kinds and form of information it will consider. *Roberts v. United States,* 445 U.S. 552, 100 S.Ct. 1358, 1362, 63 L.Ed.2d 622 (1980) (quoting *United States v. Grayson,* 438 U.S. 41, 98 S.Ct. 2610, 2615, 57 L.Ed.2d 582 (1978)). Under the circumstances of this case, we conclude that the district court did not abuse its

---

3. Giltner's claim that the information in the memorandum was false because it inaccurately escalated his culpability from that described in the PSI is unfounded. The record reveals no material differences between the level of Giltner's involvement described in the PSI and that described in the memorandum. Both indicate that appellant assisted in unloading several marihuana shipments and distributed the contraband to contacts in Michigan. Giltner did not dispute this information in the PSI.

4. *Satterfield* stated that a noncapital defendant does not have a constitutional right to call and cross-examine witnesses to rebut information contained in a presentence report. We believe that that rule is equally applicable when the disputed information is contained in a sentencing memorandum and supplement.

discretion when it denied Giltner an opportunity to call and cross-examine witnesses present at sentencing.

Absent a cross-examination of Gardiner, the judge had adequate, reliable information to sentence the appellant. *See Stephens,* 699 F.2d at 537. Thus, we hold that the district court did not abuse its discretion when it refused to grant appellant an evidentiary hearing and, consequently, appellant was not denied due process. In so holding, we affirm the district court's discretion to control the form of the rebuttal to challenged information. However, we do not limit the defendant's right to have some opportunity to rebut disputed information at sentencing.

### B. Violation of the Plea Agreement

■ Giltner's argument that the government violated its plea agreement with him when it introduced evidence at sentencing of appellant's purported knowledge of and involvement in cocaine transactions is totally without merit. His plea agreement included a promise of cooperation, and the government had every right to address at sentencing his failure to cooperate by continued denial of knowledge of these drug transactions.

### C. The Sentence

■ Appellant was sentenced to two concurrent non-parolable twelve year sentences on Counts Twelve and Thirteen (which included a five year mandatory minimum on each) for violations of 21 U.S.C. §§ 846 and 963. Appellant argues that at the time of his sentencing, the mandatory minimum sentences did not apply to these conspiracy convictions and that this court should remand for resentencing. We agree.

After appellant was sentenced, this court decided *United States v. Rush,* 874 F.2d 1513 (11th Cir.1989). The appellants in *Rush* were convicted under 21 U.S.C. § 963 before the November 18, 1988 amendments which made punishment for drug conspira-

cies the same as for commission of the offense which was the object of the conspiracy. Before the amendments, a drug conspiracy carried the same maximum penalty as the substantive offense, however, the mandatory minimum applicable to violation of the substantive offense did not apply. Accordingly, *Rush* held that the minimum mandatory sentences associated with the underlying substantive offense of importation did not apply to the appellant's 21 U.S.C. § 963 conspiracy. Recently, our court held in *United States v. Robinson,* 883 F.2d 940, 941 (11th Cir.1989) that, based upon the reasoning in *Rush,* the mandatory minimum sentence for violation of section 841(a)(1) did not apply to 21 U.S.C. § 846 conspiracies. Since the appellant in this case was sentenced before the 1988 amendments to sections 846 and 963, the five year minimums associated with violation of the object offenses in those sections did not apply to his conspiracy convictions.

We recognize that the appellant's sentence—twelve years—was within the statutory limits and the fifteen year maximum permitted by the plea agreement. We also recognize, however, that the appellant's sentence might have been affected by the district court's belief that the minimum custody sentence was five years on each conspiracy count. Therefore, we vacate Giltner's sentences arising from his section 963 and section 846 conspiracy convictions (Counts Twelve and Thirteen) and remand the case to the district court for resentencing on those counts. This remand does not affect any other sentences imposed.

The case is REMANDED for resentencing on Counts Twelve and Thirteen and AFFIRMED in all other respects.[5]

---

5. Appellant also argues that the judgment and commitment order in this case improperly states that the 12 year sentences are "without

parole." Since, at appellant's request, we are vacating the sentences imposed on Counts 12

and 13, and remanding for resentencing, this issue is rendered moot.

