968 F.2d 1212
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Larry Richard DENNIS, Defendant-Appellant.
 No. 91-7652.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 10, 1991
Decided: July 13, 1992
 
 Larry Richard Dennis, Appellant Pro Se.
 Robert Holt Edmunds, Jr., United States Attorney, Greensboro, North Carolina, for Appellee.
 Before RUSSELL, PHILLIPS, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 Larry Richard Dennis appeals the district court's order denying his motion to correct his sentence pursuant to 28 U.S.C.s 2255 (1988). A federal jury convicted Dennis of conspiracy to possess with the intent to distribute cocaine and conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (1982), and of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (Supp. IV 1986). The district court sentenced him to nine years' imprisonment without parole on the conspiracy count and five years' imprisonment on the distribution count to run concurrently with the nine-year sentence.[1] Dennis claimed that the district court improperly sentenced him to a sentence without parole under 21 U.S.C. § 846. We find merit to Dennis' argument that at the time he was sentenced § 846 did not authorize the "without parole" provision of his sentence. Accordingly, we vacate the district court's order denying § 2255 relief and remand for resentencing on the conspiracy count.
 
 
 2
 Dennis' motion was referred to a magistrate judge who recommended that the motion be denied because 21 U.S.C.s 841, the statute prescribing the punishment for the underlying offenses to the conspiracy charges, mandated the no parole sentence, a conclusion that the district court had arrived at in an earlier order. The district court adopted the magistrate judge's recommendation and denied Dennis' motion. Dennis contends on appeal that the focus must be on the language of the version of § 846 that was in effect at his sentencing. He claims that under that language, the no parole sentence was not authorized.
 
 
 3
 Prior to 1988, which includes the time of Dennis' commission of the offenses and of his sentencing, § 846 authorized punishment by "imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy."[2] 21 U.S.C. § 846 (1982). In Bifulco v. United States, 447 U.S. 381, 387 (1980), the Supreme Court held that the "special parole" provisions of § 841 do not apply to a conviction for conspiracy under § 846. The Court held that "special parole" was a distinct punishment from imprisonment and, under the "rule of lenity," it would not infer a Congressional intent to impose harsher punishment than was clearly stated in the statute.
 
 
 4
 Given this ruling in Bifulco, the abolition of parole for convictions "under" § 841 does not apply to the defendant's conviction under § 846. As we recently held in a related context, "[t]he only statutory restraint under § 846 is that the sentence may not exceed the maximum prescribed for the substantive offense." United States v. Vinson, 886 F.2d 740, 741 n.1 (4th Cir. 1989) (statutory minimum sentences in § 841 not applicable to convictions unders 846), cert. denied, 493 U.S. 1062 (1990). See United States v. Campbell, 704 F. Supp. 661, 663-65 (E.D. Va. 1989). See also United States v. Montoya, 891 F.2d 1273, 1293-94 (7th Cir. 1989) (special penalty provisions not applicable); United States v. Giltner, 889 F.2d 1004 (11th Cir. 1989) (mandatory minimum sentence not applicable).
 
 
 5
 Accordingly, we vacate the district court's order denying § 2255 relief and remand the case for resentencing on Dennis' conspiracy conviction in accordance with this opinion.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 [1]
 These offenses occurred in 1986, thus the sentencing guidelines did not apply
 
 
 [2]
 Congress amended § 846 effective November 18, 1988, to make those convicted under the statute subject to the same penalties prescribed by the underlying offense. See 21 U.S.C. § 846 (1988)
 
 
 [3]
 We deny Dennis' motion for appointment of counsel on appeal