683 So.2d 565 (1996)
Michael RUFFIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-2000.
District Court of Appeal of Florida, Third District.
October 30, 1996.
Rehearing Denied December 26, 1996.
*566 Bennett H. Brummer, Public Defender and May L. Cain, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Sylvie Perez Posner, Assistant Attorney General, for appellee.
Before BARKDULL, JORGENSON and GREEN, JJ.
GREEN, Judge.
On this appeal, Michael Ruffin makes two challenges to his conviction and sentence for driving under the influence/manslaughter charges.
Ruffin first argues that the trial court reversibly erred when it permitted the state to exercise four of its peremptory challenges in a discriminatory manner. Our review of the record, however, reveals that this issue was not preserved for appellate review where Ruffin failed to renew his objection to these strikes prior to the jury being sworn. Joiner v. State, 618 So.2d 174, 176 (Fla.1993).
Ruffin next asserts that his constitutional rights guaranteed under both the federal and state constitutions were violated during his sentencing hearing. The state was permitted to call a representative from Mothers Against Drunk Driving (MADD) to make a general statement[1] about the seriousness of drinking and driving, and the defense was precluded from cross-examining this representative. Although we have located no state decisions which have addressed this issue, federal courts have found that due process requires only that a noncapital criminal defendant be afforded the opportunity to refute information brought against him at sentencing; it does not require that the defendant be given the opportunity to call and cross-examine witnesses to rebut the information. United States v. Giltner, 889 F.2d 1004, 1008 (11th Cir.1989); United States v. Satterfield, 743 F.2d 827, 840 (11th Cir.1984) (both finding that a noncapital defendant does not have a constitutional right to call and cross-examine witnesses to rebut information contained in a presentence report). These federal decisions point out that the noncapital defendant need not be afforded the same degree of constitutional protections during the sentencing hearing as were required during the trial. Satterfield, 743 F.2d at 840. That is because the sole interest being protected at sentencing is the right not to be sentenced on the basis of inaccurate or unreliable information. Id. Thus, it is within the sole discretion of the trial court to determine the kinds and form of information it will consider. Giltner, 889 F.2d at 1008.
Ruffin does not (and cannot) assert in the instant case that the statement made by the MADD representative about the seriousness of drunk driving was in any way inaccurate or unreliable. We, therefore, can find no constitutional infirmity or abuse of discretion in the trial court's denial of any cross-examination of the MADD representative even if the trial court ultimately factored in this information during the imposition of its sentence.
Affirmed.
NOTES
[1] The record reflects that the trial court indeed permitted both sides to produce various persons to make statements in support of aggravation and mitigation of any proposed sentence. Neither side was permitted to cross-examine any persons making such statements.