[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13111
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 20, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 01-00975-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARIASMENDY PILIER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 20, 2010)

Before EDMONDSON, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

Arismendy[1] Pilier appeals his 15-month sentence, imposed following

revocation of his supervised release based on finding that he possessed marijuana,

_____

[1] Although the docket sheets indicate that Pilier's first name is "Ariasmendy," the parties, the record, and the Federal Bureau of Prisons website show that his name is "Arismendy."

associated with a person engaged in criminal activity, and sold marijuana. On appeal, Pilier argues that the district court improperly admitted an undercover police officer's hearsay statement at his revocation hearing that he sold marijuana, and that this error was not harmless. After thorough review, we affirm.

We review a district court's evidentiary decisions, as well as the revocation of supervised release, for abuse of discretion. United States v. Novaton, 271 F.3d 968, 1005 (11th Cir. 2001) (evidentiary decisions); United States v. Frazier, 26 F.3d 110, 112 (11th Cir. 1994) (revocation of supervised release). We also review the district court's decisions regarding the kinds and form of information it will consider at sentencing for abuse of discretion. United States v. Giltner, 889 F.2d 1004, 1008 (11th Cir. 1989). Erroneous evidentiary rulings are subject to harmless error review. See Frazier, 26 F.3d at 114. We review a sentence imposed upon the revocation of supervised release for reasonableness, under the abuse of discretion standard. Gall v. United States, 552 U.S. 38, 40-41, 51 (2007); United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006).

The defendant, as the party challenging the reasonableness of the sentence, bears the burden of establishing that the sentence is unreasonable in the light of both the record and the § 3553(a) factors. United States v. Talley, 431 F.3d 784,

2

788 (11th Cir. 2005).[2]  Under reasonableness review, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.  Under 18 U.S.C. § 3583(e), a district court may, after considering certain factors set forth in 18 U.S.C. § 3553(a) and upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment.  Sweeting, 437 F.3d at 1107.

"Although the Federal Rules of Evidence do not apply in supervised release revocation hearings, the admissibility of hearsay is not automatic. Defendants involved in revocation proceedings are entitled to certain minimal due process requirements." Frazier, 26 F.3d at 114.  Among the due process requirements available at a revocation hearing is the right to confront and cross-examine adverse

---

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with training, medial care, or correctional treatment; (3) the Sentencing Guidelines' range; (4) pertinent Sentencing Commission policy statements; (5) the need to avoid unwarranted sentencing disparities among similarly situated defendants with similar records; and (6) the need to provide restitution to victims. See 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).

witnesses.  Id.; see also Fed.R.Crim.P. 32.1(b)(2)(C) (stating before supervised release is revoked, "[t]he person is entitled to . . . an opportunity to . . . question any adverse witness unless the court determines that the interest of justice does not require the witness to appear").  The right to cross examine adverse witnesses at a revocation of supervised release hearing is not absolute; rather, "in deciding whether or not to admit hearsay testimony, the court must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation."  Frazier, 26 F.3d at 114.  Additionally, the hearsay statement must be reliable.  Id.  However, where the properly considered evidence is sufficient to support the district court's conclusion, any error is harmless.  Id.

To establish that the sentence imposed was harmful, Pilier must satisfy a two-part test. "If admission of hearsay evidence has violated due process, the defendant bears the burden of showing that the court explicitly relied on the information. The defendant must show (1) that the challenged evidence is materially false or unreliable, and (2) that it actually served as the basis for the sentence." United States v. Taylor, 931 F.2d 842, 847 (11th Cir. 1991) (internal quotations marks, citations, and emphasis omitted).

Moreover, hearsay may be admitted at sentencing if there are "sufficient indicia of reliability, the [district] court makes explicit findings of fact as to

credibility, and the defendant has an opportunity to rebut the evidence." United States v. Zlatogur, 271 F.3d 1025, 1031 (11th Cir. 2001) (quotations omitted). "[T]he focus is upon the question of [the hearsay's] reliability, which must be determined on a case by case basis." United States v. Lee, 68 F.3d 1267, 1275 (11th Cir. 1995). "While it may be advisable and in some instances necessary for a district court to make distinct findings regarding the reliability of hearsay statements used at sentencing, the absence of such findings does not necessarily require reversal or remand where the reliability of the statements is apparent from the record." United States v. Gordon, 231 F.3d 750, 761 (11th Cir. 2000).

Here, there is no dispute that the court made no express finding about the reliability of the hearsay statement or conduct under the required Frazier-balancing test. Even if the court erred in this respect, however, there was sufficient evidence to revoke Pilier's supervised release, based, in part, on his admission that he possessed marijuana and associated with someone engaged in a criminal activity. Frazier, 26 F.3d at 114.

Regarding the resulting sentence, even if we assume, arguendo, that the district court erred by not making reliability finding before relying on the hearsay statements, remand is not necessary, because Pilier has not demonstrated that the hearsay evidence was materially false or unreliable. Taylor, 931 F.2d at 847.

5

Instead, it appears that, given the context of other testimony -- that Pilier was driving the car, there was marijuana in the car, and there was a transaction of some kind -- the hearsay statement that the exchange involved marijuana and that Pilier directed the sale was reliable. Gordon, 231 F.3d at 761. Consequently, to the extent the court erred by relying on hearsay evidence, either in revoking his supervised release or in sentencing him, the error was harmless. Accordingly, we affirm.

**AFFIRMED.**