[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12263
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 25, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 09-20020-TP-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALVARO SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 25, 2010)

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Alvaro Sanchez appeals his 30-month sentence, imposed following

revocation of his supervised release. After a thorough review of the record, we

affirm.

In 2000, Sanchez was convicted of conspiracy to possess with intent to distribute cocaine and sentenced to 121 months' imprisonment and 5 years' supervised release. Sanchez began serving his term of supervised release in 2008, and, in February 2009, the probation officer filed a petition to revoke Sanchez's release. The probation officer alleged that Sanchez violated the terms of his release when he (1) was arrested in February 2009 for selling and possessing cocaine; (2) failed to notify the probation officer within 72 hours of his arrest and interview; and (3) failed to notify the probation officer of his change in residence. At the revocation hearing, Sanchez admitted the violations except the allegation that he was selling cocaine. The government advised the court that it was willing to strike the allegation that Sanchez was involved in a drug sale, and it informed the court that Sanchez was only being charged in state court with possession of cocaine. In response to a question from the court, the government explained that the packaging of cocaine suggested it was intended for sale but that there was no other evidence of any intent to sell cocaine.

The court found that Sanchez had violated the terms of his release. Because the violations were Grade B violations, and Sanchez's criminal history category was II, the resulting guidelines range was 6 to 12 months' imprisonment.

The court considered the 18 U.S.C. § 3553(a) sentencing factors and the fact that Sanchez appeared to be involved with drugs only six months after his release from prison on similar charges. The court also considered the arrest affidavit, which stated that police observed Sanchez in a car with marijuana in plain view on the center console, and during a search of the car, police found additional quantities of marijuana. The court concluded that there was circumstantial evidence that Sanchez was involved in the sale of drugs. The court also considered several other prior convictions, including theft, fraudulent use of a credit card, and reckless driving.

After expressing concern whether the guidelines range provided a sufficient deterrent, the court found that a sentence above the guidelines range was appropriate and sentenced Sanchez to 30 months' imprisonment and 30 months' supervised release. This appeal followed.

On appeal, Sanchez argues that the court committed procedural error by relying on his dismissed trafficking charge to vary from the guideline range and, in doing so, violated his due process rights to confront and cross-examine witnesses.

When a sentence is imposed after revocation of supervised release or is the result of a 18 U.S.C. § 3553(a) variance, we review it for reasonableness under the abuse of discretion standard. *United States v. Valnor*, 451 F.3d 744, 749-50 (11th

Cir. 2006) (variance); *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir.

2006) (revocation); *United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994)

(same). The defendant, as the party challenging the reasonableness of the sentence,

bears the burden of establishing that the sentence is unreasonable in the light of

both the record and the 18 U.S.C. § 3553(a) sentencing factors.[1] *United States v.*

*Talley*, 431 F.3d 784, 788 (11th Cir. 2005). We review a district court's

evidentiary decisions for an abuse of discretion, but will not reverse the district

court's ruling if the alleged error would be harmless. *United States v. Novaton*,

271 F.3d 968, 1005 (11th Cir. 2001); *Frazier*, 26 F.3d at 114. We review the

district court's decisions regarding the kinds and form of information it will

consider at sentencing for an abuse of discretion. *United States v. Giltner*, 889

F.2d 1004, 1008 (11th Cir. 1989).

Under 18 U.S.C. § 3583(e), a district court may, after considering certain

factors set forth in 18 U.S.C. § 3553(a) and upon finding by a preponderance of the

evidence that a defendant has violated a condition of supervised release, revoke the

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to afford adequate deterrence, to promote respect for the law, to provide just punishment for the offense, to protect the public, and to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the Sentencing Guidelines' range; (5) pertinent Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a).

4

term of supervised release and impose a term of imprisonment. *Sweeting*, 437 F.3d at 1107.

Before conducting a reasonableness review of the ultimate sentence imposed, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 40, 51 (2007); *United States v. Livesay*, 525 F.3d 1081, 1093 (11th Cir. 2008).

"Although the Federal Rules of Evidence do not apply in supervised release revocation hearings, the admissibility of hearsay is not automatic. Defendants involved in revocation proceedings are entitled to certain minimal due process requirements," including the right to confront and cross-examine adverse witnesses. *Frazier*, 26 F.3d at 114; Fed. R. Crim. P. 32.1(b)(2)(C). Additionally, the hearsay statement must be reliable.[2] *Id.* Where the properly considered

---

[2] Hearsay may be admitted at sentencing if there are "sufficient indicia of reliability, the [district] court makes explicit findings of fact as to credibility, and the defendant has an opportunity to rebut the evidence." *United States v. Zlatogur*, 271 F.3d 1025, 1031 (11th Cir. 2001) (quotations omitted). "[T]he focus is upon the question of [the hearsay's] reliability, which must be determined on a case by case basis." *United States v. Lee*, 68 F.3d 1267, 1275 (11th Cir. 1995). "While it may be advisable and in some instances necessary for a district court to make distinct findings regarding the reliability of hearsay statements used at sentencing, the

5

evidence is sufficient to support the district court's conclusion, however, any error is harmless. *Id.*

To establish that the sentence imposed was harmful, Sanchez must satisfy a two-part test. "If admission of hearsay evidence has violated due process, the defendant bears the burden of showing that the court explicitly relied on the information. The defendant must show (1) that the challenged evidence is materially false or unreliable, and (2) that it actually served as the basis for the sentence." *United States v. Taylor*, 931 F.2d 842, 847 (11th Cir. 1991) (internal quotations marks and citations omitted).

Here, Sanchez admitted that he possessed cocaine while on supervised release and he conceded that he committed several of the other violations listed in the petition to revoke. Thus, there is no question that the district court had sufficient evidence to revoke Sanchez's supervised release.

Upon review, we also conclude that the district court made no procedural error in determining Sanchez's sentence. Under Florida law, possession of cocaine is a third-degree felony, which carries a maximum penalty of five years' imprisonment. Fla. Stat. §§ 775.082(3)(d) (providing statutory maximum sentence

absence of such findings does not necessarily require reversal or remand where the reliability of the statements is apparent from the record." *United States v. Gordon*, 231 F.3d 750, 761 (11th Cir. 2000).

6

for a third-degree felony), 893.13(6)(a) (providing that this offense is a third-degree felony) (2008).  Therefore, for purposes of the revocation of supervised release, possession of cocaine is a Grade B violation.[3]  U.S.S.G. § 7B1.1(a)(1).  Based on Sanchez's undisputed criminal history of II, a Grade B violation produces an advisory guidelines range of 6 to 12 months.  U.S.S.G. § 7B1.4.  Thus, the court correctly calculated the guideline range.

Moreover, the court adequately explained its reasons for imposing a sentence above than the guidelines range.  The court considered that Sanchez was involved in, at least the possession of drugs within six months of his release from incarceration on drug-trafficking charges.  In addition to considering this nature of the offense and Sanchez's history, the court discussed the need to provide punishment and deterrence.  And the 30-month sentence was below the statutory maximum of 36 months' imprisonment applicable to Grade B violations.  18 U.S.C. § 3583(e)(3).  Given these facts, Sanchez cannot show that the sentence imposed was unreasonable.

To the extent that the court relied on hearsay information contained in the

---

[3]  In contrast, the sale of cocaine is a Grade A violation.  U.S.S.G. § 7B1.1(a)(1) (including controlled substance offenses) & comment. (n.3) (cross-referencing § 4B1.2).  A Grade A violation would have subjected Sanchez to an advisory guideline range of 15 to 21 months in prison and carried a statutory maximum of 60 months' imprisonment.  Here, the district court had advised Sanchez that the statutory maximum term of imprisonment was 60 months, and Sanchez had not objected.  Because the possession of a controlled substance is a Class B offense, the statutory maximum was actually 36 months' imprisonment.

arrest affidavit, Sanchez has not met his burden to show that the hearsay evidence was materially false or unreliable. Moreover, any error in the court's admission of and reliance on these affidavits is harmless. Sanchez's criminal history and his possession of cocaine while on supervised release support the district court's conclusion that a sentence above the guidelines range was warranted even in the absence of any allegation that Sanchez was involved in the sale of cocaine.

**AFFIRMED.**