[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10429
Non-Argument Calendar

_____

D.C. Docket No. 6:13-cr-00223-JA-TBS-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN PEAK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 12, 2014)

Before TJOFLAT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty, John Peak appeals his total 70-month sentence for conspiracy to import cocaine, in violation of 21 U.S.C. §§ 963 and 960(b)(2)(B), importation of cocaine, in violation of 21 U.S.C. §§ 952(a) and 960(b)(2)(B), and possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  On appeal, Peak contends the district court erred at sentencing by (1) miscalculating his advisory guidelines range; (2) refusing to apply a proposed amendment to the drug quantity guidelines; and (3) violating his due process rights when it relied upon an investigator's testimony about unrecorded interviews with two of Peak's co-conspirators.  After review, we affirm.

## I.  GUIDELINES CALCULATIONS

On appeal, Peak argues that the district court erred in calculating Peak's guidelines range by imposing: (1) a two-level managerial-role increase under U.S.S.G. § 3B1.1(c); and (2) an additional criminal history point under U.S.S.G. § 4A1.1(e).  We need not address Peaks' arguments with respect to these two guidelines calculations, however, because, even assuming arguendo that there was error, any error was harmless because the district court stated it would have imposed the same sentence without those two contested guidelines calculations.

If the sentencing court, after overruling the defendant's objection to the guidelines calculations and finding what it believes to be the appropriate guidelines range, states that it would impose the same sentence regardless of the contested

2

calculation, we need only review the sentence for reasonableness. United States v. Keene, 470 F.3d 1347, 1348-50 (11th Cir. 2006). Under this analysis, we assess the reasonableness of the sentence assuming the same factors in the case, but using the advisory guidelines range that would have applied absent the contested calculation. Id. at 1349-50. The defendant has the burden to prove his sentence is substantively unreasonable. Id. at 1350. If the defendant fails to do so, then any alleged calculation error is harmless, and we will not remand for resentencing. Id.

Here, Peak objected to both guidelines calculations in the presentence investigation report, arguing that he was not an organizer, leader, manager, or supervisor in the cocaine importation scheme and that he did not have two qualifying crimes of violence to warrant an extra criminal history point. The district court overruled both objections and calculated Peak's advisory guidelines range, with those guidelines enhancements, as 84 to 105 months' imprisonment. In imposing a 70-month sentence, the district court stated that, after considering the 18 U.S.C. § 3553(a) factors, it found "the sentence imposed . . . sufficient, but not greater than necessary, to comply with the statutory purposes" and that "[t]he sentence would be the same had I sustained the objections raised by the defendant." Peak objected to the district court's statement that the sentence would have been the same, arguing that it would result in an upward variance. In response, the district court clarified that, if it had sustained Peak's two objections,

3

the applicable guidelines range would have been 60 to 71 months, and it would have imposed the same 70-month sentence.

Under these circumstances, our review is limited to whether the 70-month sentence nonetheless would be substantively reasonable without those guidelines enhancements; that is, if Peak's applicable guidelines range were 60 to 71 months' imprisonment. For the reasons discussed below, we conclude that it would.

In determining whether a sentence is substantively reasonable, we use the deferential abuse of discretion standard and examine the totality of the circumstances in light of the § 3553(a) sentencing factors. United States v. Pugh, 515 F.3d 1179, 1189-91 (11th Cir. 2008). Indications of reasonableness include a sentence well below the statutory maximum and a sentence within the applicable guidelines range. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008); United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008). We will vacate a sentence for substantive unreasonableness only upon a "definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors." Pugh, 515 F.3d at 1191 (quotation marks omitted).

Here, Peak has not shown that his sentence is substantively unreasonable. Peak's 70-month sentence is within the guidelines range that would have applied without the contested calculations and also is well below the applicable statutory maximum of forty years for his offenses. Peak has a lengthy criminal history—

4

much of which was not scored under the guidelines—that includes state convictions for cocaine and marijuana possession, grand theft, trafficking in stolen property, and, most seriously, attempted murder and attempted robbery. In committing these last two offenses, Peak robbed a convenience store and shot the store owner's wife.

Peak's current convictions stem from his involvement in a scheme to import cocaine from Jamaica. As part of the scheme, Peak drove two drug couriers—codefendants Gwendolyn Cummings and Ursola Miree—to Port Canaveral so they could depart on a cruise ship; paid for the drug couriers' cruise tickets with his credit card; gave the couriers each $3,500 in cash, a cell phone, and instructions on whom to call in Jamaica to obtain the cocaine; and then arrived at the cruise terminal to pick up the couriers when they returned to the United States carrying a total of 1,247 grams of cocaine.

In explaining the chosen sentence, the district court noted the need to avoid unwarranted sentence disparities between the three codefendants, all of whom "had serious drug problems and varying degrees of mental health problems," and thus were similarly situated in that respect. The district court explained, however, that Cummings and Miree received lower sentences (36 months and 30 months, respectively) because they each received a three-level downward departure under U.S.S.G. § 5K1.1 for their substantial assistance.

After reviewing the record, we cannot say the district court committed a clear error in judgment in weighing the § 3553(a) factors or that Peak's 70-month sentence is substantively unreasonable.  Accordingly, any error in imposing the managerial-role increase under U.S.S.G. § 3B1.1(c) or in adding a criminal history point under U.S.S.G. § 4A1.1(e) is harmless and does not warrant vacating Peak's sentence.

## II.  PROPOSED GUIDELINES AMENDMENT

At the time of Peak's January 2014 sentencing, the Sentencing Commission had proposed, but not yet promulgated, Amendment 782, which would reduce by two levels the offense levels in U.S.S.G. § 2D1.1(c)'s Drug Quantity Table.  See Notice of Proposed Amendments to Guidelines, 79 Fed. Reg. 3280 (proposed Jan. 17, 2014).  In April 2014, after Peak's sentencing, the Sentencing Commission promulgated and submitted to Congress Amendment 782.  See Notice of Submission to Congress of Amendments to Guidelines, 79 Fed. Reg. 25996-02, 25996-97 (May 6, 2014).  Absent action by Congress to the contrary, Amendment 782 will go into effect on November 1, 2014.[1]  On appeal, Peak argues that the

---

[1]On July 18, 2014, while this appeal was pending, the Sentencing Commission promulgated a proposed amendment that makes Amendment 782 retroactive but delays until November 1, 2015 the effective date for orders reducing prison terms based on Amendment 782. See United States Sentencing Commission, Amendment to the Sentencing Guidelines (Preliminary) (July 18, 2014), http://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20140718_RFP_Amendments_Retroactivity.pdf.

district court erred when it refused to apply the reduced offense level in proposed Amendment 782 "prospectively" in calculating his advisory guidelines range.

Peak's argument lacks merit because the district court is required to use the Guidelines Manual in effect on the date of sentencing.  See U.S.S.G. § 1B1.11(a); United States v. Bailey, 123 F.3d 1381, 1403 (11th Cir. 1997).  Thus, the district court properly applied the November 2013 edition of the Sentencing Guidelines, the version in effect when it sentenced Peak in January 2014.  We note that nothing in this opinion precludes Peak from subsequently filing an 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782, and we express no opinion about whether such a motion should be granted.

### III.  DUE PROCESS CLAIM

At the sentencing hearing, Special Agent Fred Soly testified about his post-arrest interviews with Peak's codefendants, Miree and Cummings.  On appeal, Peak argues that the district court violated his due process rights when it relied on Agent Soly's testimony about the interviews without considering that Agent Soly did not record those interviews.

We normally review constitutional issues de novo.  United States v. Harris, 741 F.3d 1245, 1248 (11th Cir. 2014).  If, as here, the defendant failed to raise the issue at sentencing, our review is for plain error.  United States v. Bonilla, 579 F.3d 1233, 1238 (11th Cir. 2009).  An error is plain if it is "clear from the plain

7

meaning of a statute or constitutional provision, or from a holding of the Supreme Court or this Court." United States v. Rodriguez, 627 F.3d 1372, 1381 (11th Cir. 2010).

The language of the Due Process Clause does not make it plain that custodial interviews must be recorded. Neither the Supreme Court nor this Court has held that the Due Process Clause requires investigators to record custodial interviews or that the sentencing court must consider whether custodial interviews were recorded before relying on an investigator's testimony about those interviews. To the contrary, this Court has long concluded that a sentencing court may rely on hearsay evidence and that due process requires only that the hearsay evidence bear minimal indicia of reliability and that the defendant be given an opportunity to refute it. See, e.g., United States v. Giltner, 889 F.2d 1004, 1007 (11th Cir. 1989); United States v. Reme, 738 F.2d 1156, 1167 (11th Cir. 1984).

Apart from pointing out that the interviews were unrecorded, Peak does not claim, much less show, that Agent Soly's testimony lacked indicia of reliability. Peak also does not contend that he was deprived of an opportunity to rebut Agent Soly's testimony. In fact, Peak cross-examined Agent Soly vigorously about his decision not to record the codefendants' interviews.

Under the circumstances, the district court's reliance on Agent Soly's testimony as to the unrecorded interviews does not violate any binding precedent of the Supreme Court or this Court.  Thus, any alleged error cannot be plain.

For these reasons, we affirm Peak's total 70-month sentence.

**AFFIRMED.**