[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15141
Non-Argument Calendar

_____

D.C. Docket No. 1:13-tp-20079-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARIEL MILIAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 9, 2016)

Before TJFOLAT, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Ariel Milian appeals his 11-month sentence imposed after the district court revoked his supervised release for failing to report an arrest to his probation officer. Milian was originally charged with three violations of his supervised

release conditions: (1) committing a violation of state law; (2) failure to report an arrest; and (3) leaving the district without permission.  However, the government agreed to dismiss violations one and three in exchange for Milian's admission that he committed violation two.  During his sentencing, the district court noted that Milian had left the district without permission and that he had committed the violation once before, referring to a previous violation of leaving the district without permission.  On appeal, Milian argues that: (1) the district court procedurally erred when it considered facts that he had not admitted and that no evidence had been offered on at sentencing; and (2) his sentence was substantively unreasonable.  After thorough review, we affirm.

We review a sentence imposed upon the revocation of supervised release for reasonableness, United States v. Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008), which "merely asks whether the trial court abused its discretion," United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).  When sentencing objections are raised for the first time on appeal, we consider them under the plain error doctrine.  United States v. Garrison, 133 F.3d 831, 848 (11th Cir. 1998).  To establish plain error, a defendant must show: (1) error (2) that is plain and (3) affects substantial rights. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).  If all three conditions are met,

then we may exercise our discretion to correct an error if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

"An error is plain if it is obvious and clear under current law." United States v. Eckhardt, 466 F.3d 938, 948 (11th Cir. 2006). Thus, "where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003). A defendant fails to meet his burden of showing that an error affected his substantial rights when "the effect of an error on the result in the district court is uncertain or indeterminate." Rodriguez, 398 F.3d at 1301. To preserve an objection for appeal, the defendant "must raise that point in such clear and simple language" that it "inform[s] the district court of the legal basis for the objection." United States v. Massey, 443 F.3d 814, 819 (11th Cir. 2006) (quotations omitted).

In reviewing sentences for reasonableness, we typically perform two steps. Pugh, 515 F.3d at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S.

3

38, 51 (2007)).[1]  The district court has the discretion "to determine the kinds and form of information it will consider" to hand down the appropriate sentence. United States v. Giltner, 889 F.2d 1004, 1008 (11th Cir. 1989).  However, "absent a stipulation or agreement between the parties, an attorney's factual assertions at a sentencing hearing do not constitute evidence that a district court can rely on." United States v. Washington, 714 F.3d 1358, 1361 (11th Cir. 2013).

If a defendant violates a condition of supervised release, a court may, after considering certain factors set forth in § 3553(a), continue supervised release or revoke the sentence of supervised release and resentence the defendant.  18 U.S.C. § 3583(e) (cross-referencing 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7)). "For sentences imposed upon revocation of supervised release, the recommended sentencing range is based on the classification of the conduct that resulted in the revocation and the criminal history category applicable at the time" of the original sentencing.  United States v. Campbell, 473 F.3d at 1348-49 (11th Cir. 2007) (citing U.S.S.G. §§ 7B1.1, 7B1.4).  A grade C violation occurs when the conduct giving rise to the violation "constitut[es] (A) a federal, state, or local offense

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision." U.S.S.G. § 7B1.1(a)(3). The guideline range for a grade C violation and a criminal history category of IV is 6 to 12 months' imprisonment. Id. § 7B1.4(a). When the underlying felony is class C, the term of imprisonment imposed after revocation of supervised release shall not exceed two years. 18 U.S.C. § 3583(e)(3). A violation of 18 U.S.C. § 659 is punishable by a maximum of 10 years' imprisonment, and thus, is a class C felony. See id. § 659; id. § 3559 (stating that an offense with a maximum term of imprisonment "less than twenty-five years but ten or more years" is a class C felony).

If we conclude that the district court did not procedurally err, we consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U .S. at 51). "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor ... as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted). We may conclude there was an abuse of discretion if the district court (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) commits a clear error of judgment in balancing

the sentencing factors.  United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  The district court's unjustified reliance on any one § 3553(a) factor may be a symptom of an unreasonable sentence.  United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir. 2006).  A sentencing court need not discuss each § 3553(a) factor individually.  United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

While we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect that sentence to be reasonable.  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  A sentence imposed well below the statutory maximum penalty is another indicator of reasonableness.  Gonzalez, 550 F.3d at 1324. The party challenging the sentence bears the burden to show it is unreasonable.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

As an initial matter, we review Milian's procedural unreasonableness argument for plain error -- since he failed to inform the district court of the legal basis that he now argues -- and we can find no plain error here.  Although the district court erred in noting that Milian was outside the district and had committed the violation once before (even though those facts were not supported by evidence or admission), the error did not affect Milian's substantial rights.  The district court only mentioned in passing that Milian was outside of the district and had committed the violation before, and from the district court's full statements, it is

6

evident that it based its sentencing decision on Milian's criminal history, his multiple supervised release violations, and the seriousness of his failing to report an arrest to his probation officer. Indeed, after reciting Milian's lengthy criminal history, the district court stated that he continuously displayed no respect for the law, and it stressed the seriousness of his failing to report an arrest to his probation officer. The record also makes clear that the district court knew that Milian's instant violation was for failing to report an arrest, and was distinct from any violation for being outside the district. At the very most, the effect of the error on the result in the district court was "uncertain or indeterminate," Rodriguez, 398 F.3d at 1301, which means that the error did not affect Milian's substantial rights.

Moreover, Milian's sentence, toward the high end of the guideline range, was substantively reasonable in light of the record and the § 3553(a) factors. Milian had a significant criminal history spanning more than 10 years -- including the possession of weapons, theft of motor vehicles, and violence toward law enforcement officers -- and had previously violated his conditions of supervised release. In addition, Milian's sentence was below the statutory maximum sentence and was within the applicable guideline range, further indicating its reasonableness.

**AFFIRMED**.

7