[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13070
Non-Argument Calendar

_____

D.C. Docket No. 3:14-cr-00104-RV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARIUS D. WILLIAMS,
a.k.a. Darius Devon Williams,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 23, 2016)

Before TJOFLAT, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Darius Williams appeals his sentence imposed after he pleaded guilty to a charge of possession of a firearm and ammunition that had been stolen by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 922(j).  On appeal, Williams argues that the district court employed the wrong standard of proof when determining if there were sufficient facts to support the Government's requested sentencing enhancements.  Specifically, Williams argues that the court should have employed a beyond a reasonable doubt standard.  Additionally, Williams argues that the evidence was insufficient to support the court's finding that Williams' sentence should be enhanced using a cross reference to an attempted second degree murder.

The district court imposed a 175-month term of imprisonment after applying several enhancements.  First, the court employed the cross reference under U.S.S.G. § 2K2.1(c) for assault with intent to commit murder in the second degree, using the fact that Williams fled from the scene of a shooting with a gun and with gunshot residue on him.  It did not apply the guideline for first degree murder because it did not find that the facts supported a finding of premeditation.  Next, it added four points for life threatening injury because the victim was shot in the head, and subtracted three points for acceptance of responsibility.  With a guidelines range of 140 to 175 months, the court imposed a sentence at the high

end of the range and stated that it would have imposed the same sentence regardless of how the guidelines turned out.

We review sentencing decisions for abuse of discretion, using a two-step process. United States v. Beckles, 565 F.3d 832, 845 (11th Cir. 2009). First, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guideline range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the guidelines range." Id. (quoting Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007)). Second, if there is no procedural error, we must then consider the "substantive reasonableness of the sentence imposed." Id. A party who challenges a sentence for substantive unreasonableness "bears the burden of establishing that the sentence is unreasonable in the light of both the record and the factors in section 3553(a)." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (brackets omitted). We review the district court's application of the Sentencing Guidelines de novo and its findings of fact for clear error. United States v. Bane, 720 F.3d 818, 824 (11th Cir. 2013).

3

We have stated, post-Booker,[1] that the government bears the burden of proving the applicability of sentencing enhancements by a preponderance of the evidence. United States v. Washington, 714 F.3d 1358, 1361 (11th Cir. 2013). Under that standard, the burden is satisfied if the trier of fact "believe[s] that the existence of a fact is more probable than its nonexistence." United States v. Almedina, 686 F.3d 1312, 1315 (11th Cir. 2012) (citation and internal quotation marks omitted). Due process requires the evidence presented bear "minimal indicia of reliability," and the defendant be given the opportunity to refute that evidence. United States v. Rodriguez, 751 F.3d 1244, 1261 (11th Cir.), cert. denied, 135 S. Ct. 310 (2014); see also United States v. Giltner, 889 F.2d 1004, 1007 (11th Cir. 1989).

The district court did not err in crafting Williams' sentence. First of all, the court employed the correct standard of proof as stated in our precedent. Furthermore, below, Williams encouraged the court to employ the preponderance of the evidence standard, inviting the use of that standard. Pensacola Motor Sales Inc. v. E. Shore Toyota, LLC, 684 F.3d 1211, 1231 (11th Cir. 2012) ("A party that invites an error cannot complain when its invitation is accepted."). As for the court's finding that Williams was involved in the shooting of the victim, the evidence supports a finding that he perpetrated the shooting by a preponderance of

---

[1] United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

4

the evidence.  Williams was apprehended fleeing from a car that had left the site of the shooting at a high speed, which suggests involvement.  He was apprehended after discarding a gun while being chased on foot by a police officer, which again implies guilt; traces of DNA obtained from the gun matched Williams'.  Gunshot residue was found on Williams' hands and clothes, which confirms that he was near a gun that had discharged.  While Williams is correct that this evidence may not have been enough to satisfy the beyond a reasonable doubt standard, the Government was not required to meet that high a burden.  Under the preponderance standard, the evidence was sufficient.

Because the district court did not err in sentencing Williams, we affirm.

AFFIRMED.